[Civ. No. 12626.   Second Dist., Div. Two.   Nov. 21, 1941.]

LOUIS ECKERT BREWING COMPANY (a Corporation) et al., Respondents, v. UNEMPLOYMENT RESERVES COMMISSION et al., Appellants.

Earl Warren, Attorney General, Burdette J. Daniels, Deputy Attorney General, Maurice P. McCaffrey and Ralph R. Planteen for Appellants.

Gibson, Dunn & Crutcher, Jas. A. Gibson, Jr., Henry B. Ely, Van Niven and Keith Bullitt for Respondents.

SCOTT, J. *pro tem.*—Defendants appeal from a declaratory judgment holding that plaintiff corporation is not an employer within the meaning of the Unemployment Insurance Act.

Plaintiff corporation brought suit alleging that it is engaged in the manufacture of beer; that it sells it through twenty-six persons, including the six individual plaintiffs, who in turn sell it to ultimate customers; that these persons are independent contractors and not employees; that defendant commission is about to tax it under the act (Stats. 1935, p. 1226; Stats. 1939, p. 2058, Deering's General Laws, 1939 Supp., Act 8780 d) on the theory that such persons are employees, and asking that the court determine the legal rights and duties of the respective parties and enjoin defendant commission from collecting any such tax. Judgment was rendered declaring that the persons were not and are not employees and that plaintiff corporation is not liable for such taxes.

On appeal defendants assert (1) that section 45.10 of the act prohibited the trial court's granting a declaratory relief judgment, and (2) that plaintiffs had not exhausted their administrative remedies under the act and were not entitled to judicial relief until they had done so. The determination of the appeal depends largely upon the construction to be placed on section 45.10 of the act, enacted in 1939, and on the commission's rule 90.6.

Section 45.10 of the act, which became effective on September 19, 1939, approximately three months and twenty days before entry of judgment in this case, provides as follows:

"No injunction or writ of mandate or other legal or equitable process shall issue in any suit, action or proceeding, in any court against this State or against any officer thereof to prevent or enjoin under this, act the collection of any contribution sought to be collected; but after payment of any such contribution under protest, duly verified and setting forth the grounds of objection to the legality of such contribution, the employer paying such contribution may

bring an action against the Unemployment Reserves Commission in any court of competent jurisdiction in the county seat of the county wherein the employer maintains his principal place of business for the recovery of contributions so paid under protest.''

The commission had adopted rules pursuant to its rulemaking power under the act, including rule 90.6, which is as follows: ''Workers, workers' organizations, employees, employees' associations and trade associations having problems arising out of the administration of the Act may have the same adjusted by the Director of the Department and its regional officers, or may request a hearing before the Commission with respect to matters other than disputed benefit claims. A request for Commission hearing may be considered only if such individuals or groups file a detailed statement of facts and supporting data thereon concerning the problem involved with the Department of Employment at the time the request for a hearing is made.'' The trial court found, and it is not disputed, that plaintiff corporation in accordance with this rule applied to the director for a ruling and that the latter had ruled that the persons in question were employees under the act, and that no hearing was requested or had before the commission.

The effect of section 45.10 is to preclude a judgment such as the trial court undertook to enter in this case. The commission herein could not properly undertake to enforce a tax against plaintiff corporation as an employer in defiance of an adjudication that the latter did not maintain that relationship with the other parties. A declaratory judgment is an adjudication, not an abstraction. (*Collier Advertising Service, Inc.*, v. *City of New York*, 32 Fed. Supp. 870.) Public officials must respect the court's declaration and follow its interpretation of the law. (*Socony-Vacuum Oil Co.* v. *City of New York*, 247 App. Div. 163 [287 N. Y. Supp. 288].) For purposes of judicial finality there is no more reason for assuming that a commission will disregard the direction of a reviewing court than that a lower court will do so. (*Federal Power Commission* v. *Pacific Power & L. Co.*, 307 U. S. 156 [59 Sup. Ct. 766, 83 L. Ed. 1180].) An obvious frailty of such a declaratory judgment lies in the fact that such relationship need not remain unchanged. It is conceivable that immediately after judgment that relation-

ship might be modified so that a subsequent consideration by a trial court would result in a totally different conclusion. This would require one or more additional court actions to determine whether the status of the parties had so changed as to warrant the collection of the tax under the provisions of the act without violating the terms of the declaratory judgment. "The only express provision for court review is made by section 45.10, Stat. 1939, p. 2058, which permits an employer to contest the legality of the contribution sought to be enforced against him by paying it under protest and then suing to recover the amount so paid." (*Bodinson Mfg. Co.* v. *California Employment Commission*, 17 Cal. (2d) 321 [109 Pac. (2d) 935].)

Under the provisions of the act an employer is defined as every individual, trust or estate, partnership, association, joint stock company or corporation subject to a payroll tax levied by the United States government (namely, employers having eight or more employees), if the tax levied by the state act, or any portion thereof, may be credited against such payroll tax. It is not questioned that the matter of classification such as this is primarily one for legislative determination. (*Gillum* v. *Johnson*, 7 Cal. (2d) 744 [62 Pac. (2d) 1037, 63 Pac. (2d) 810, 108 A. L. R. 595].)

Plaintiff corporation in response to defendant's second point on this appeal concedes that administrative remedies must first be exhausted before recourse is had to the courts, but challenges the applicability of the rule to the instant case, asserting that there is a difference between (1) administering the act as against or for the benefit of persons subject to it and (2) determining a dispute as to whether any certain person falls within the scope of the act and is therefore subject to such administration.

Under rule 90.6 it is well within the province of the commission to determine for purposes of imposing the tax whether plaintiff corporation is an employer. An administrative proceeding, therefore, was and is available to plaintiff under the Unemployment Insurance Act to determine this very matter, and exhaustion of administrative remedy is a jurisdictional prerequisite to resort to the courts. Application was made to the director, but his adverse ruling was not followed by an appeal to the commission as provided by rule 90.6, and obviously the remedies are not exhausted until

the appeal is fully prosecuted. It would be illogical and impractical for a party to apply to the court for relief asserting, without conclusive proof and without any possibility of successful challenge, the outcome of an appeal which the administrative body had not even been permitted to decide. Where an administrative remedy is provided by statute relief must be sought from the administrative body and this remedy exhausted before the courts will act. (*Abelleira* v. *District Court of Appeal,* 17 Cal. (2d) 280 [109 Pac. (2d) 942, 132 A. L. R. 715].)

Judgment reversed.

Moore, P. J., and Wood (W. J.), J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied January 19, 1942. Curtis, J., and Carter, J., voted for a hearing.