[Civ. No. 3135.   Fourth Dist.   Jan. 25, 1944.]

Estate of JACK SCHNEIDER, Deceased.   CARL SCHNEIDER, as Administrator, etc., Appellant, v. STATE BOARD OF EQUALIZATION OF THE STATE OF CALIFORNIA, Respondent.

F. C. Huebner for Appellant.

Robert W. Kenny, Attorney General, Hartwell H. Linney, Assistant Attorney General, and Adrian A. Kragen, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The appellant is the administrator of the estate of Jack Schneider, deceased. Among the assets of the estate were eleven airplanes which the deceased had used in his lifetime in connection with a school to teach students the art of flying. With permission of the court that part of the decedent's business which consisted in the operation of this school was continued for a time by the administrator. The permission thus granted by the court did not include the right to conduct a mercantile business or to sell anything. In due course, it was decided to discontinue this flying school and to sell the airplanes.

On January 8, 1943, the administrator filed a petition in the estate proceeding reciting, so far as material here, that it had been decided to discontinue this school and to sell these airplanes together with certain tools and accessories, that these chattels had not been bought for the purpose of resale but had been bought with the intent that the purchaser was to be the

ultimate consumer thereof, and that the petitioner was advised and believed that an effort was being made and would be made to collect a sales tax under the Retail Sales Tax Act of this state. The prayer was that the Retail Sales Tax Act be construed by this court as to its application to the sale of this property, and that the administrator be advised as to whether any sales taxes would become due and payable on any such sale of the property.

An order to show cause was served on the State Board of Equalization and that board filed a demurrer. The court entered an order sustaining the demurrer without leave to amend and, thereafter, entered a judgment dismissing the petition. From that judgment of dismissal the administrator appealed. The respondent board has now moved to dismiss this appeal.

The trial court, while sitting as a probate court, has only the jurisdiction conferred upon it by statute. (*Texas Co. v. Bank of America N. T. & S. A.,* 5 Cal.2d 35 [53 P.2d 127].) The petition asking the court to construe the Sales Tax Act was, in effect, a petition for declaratory relief. As such, if otherwise permissible, it would be addressed to the equity side of the court under its general jurisdiction. No authority to grant such relief is provided for in the Probate Code. Section 588 of that code is not only not sufficiently broad to provide for such relief but it is limited to cases where no other procedure is provided by statute. Another method of determining whether a sales tax is due is provided by statute in this state. Section 31 of the Retail Sales Tax Act (Stats. 1933, p. 2610, as amended; Deering's Gen. Laws, 1937, Act 8493) provides that no injunction or other legal or equitable process shall issue in any action or proceeding in any court to prevent the collection of any tax to be collected under that act. A procedure for determining the legality of any such tax is then provided for in that section, consisting of the payment of the tax in question, the filing of a claim for a refund, and the bringing of an action based upon a denial of the claim. A declaratory judgment, if one had been entered as here asked for, would have had the same effect as an injunction and would have been clearly contrary to the statutory prohibition just referred to. (*Louis Eckert Brewing Co. v. Unemployment Reserves Commission,* 47 Cal.App.2d 844 [119 P.2d 227].)

The probate court lacked jurisdiction to act in this matter

in any way other than a dismissal thereof for both of the reasons above mentioned. ▮ Since that court lacked jurisdiction to grant the relief asked for it is proper to dismiss the appeal rather than to go on with a hearing thereof which could only result in an affirmance of the order appealed from. (*O'Donnell* v. *Board of Medical Examiners,* 22 Cal.App.2d 80 [70 P.2d 246]; *MacCracken* v. *Board of Medical Examiners,* 24 Cal.App.2d 58 [74 P.2d 289].) The appellant argues that he should not be required to pay such a tax when the court might refuse to approve that payment on his final account, in which event he would be personally charged with that amount. In the event an attempt is made to collect such a tax the appellant can probably protect himself by asking the permission of the court to pay the same and to make the necessary demand and bring an action to recover the payment so made.

The motion is granted and the appeal is dismissed.

Marks, J., and Griffin, J., concurred.