[Civ. No. 13989.  First Dist., Div. Two.  Aug. 5, 1949.]

GEORGE W. CASEY, Appellant, v. WILLIAM G. BONELLI et al., Respondents.

Athearn, Chandler & Farmer, Hoffman & Angell, F. G. Athearn and Leigh Athearn for Appellant.

Fred N. Howser, Attorney General, and James E. Sabine, Deputy Attorney General, for Respondents.

DOOLING, J.—Plaintiff appeals from a judgment for defendants entered after sustaining a demurrer to his complaint without leave to amend. The complaint alleges that on December 23, 1943, plaintiff was president and a member of the board of directors of United Parcel Service of San Francisco, a California corporation; that on that date by voluntary proceedings the corporation was dissolved; that on April 7, 1948, the defendants issued a notice of determination under the Sales and Use Tax Law directed to said corporation purporting to determine that between January 1, 1935, and December 15, 1943, said corporation became liable for a sales and use tax in a specified amount; and that plaintiff is informed and believes that said determination is in error and that said corporation has no unpaid sales or use tax liability to the State of California. The complaint then alleges that:

"(P)laintiff is unable to determine whether his fiduciary duty as a director and officer of said dissolved corporation requires him to take steps on its behalf, under sections 6521 (6561) and 6562 of the Revenue and Taxation Code, to establish before the defendants that said determination is erroneous and incorrect, or whether he can, consistent with such fiduciary duty, permit such determination to become final and rely upon the fact that any judgment obtained by defendants against said dissolved corporation would be void."

The complaint alleges that by reason of the foregoing an actual controversy exists between the parties as to their legal rights and duties and asks for declaratory relief:

"1. . . . that the defendants have no claim . . . which can be asserted against said dissolved corporation.

"2. That plaintiff be instructed that he is not required . . . to . . . defend and object to said determination before the defendants."

3. For general relief.

█ Under section 6931, Revenue and Taxation Code, no injunction, writ of mandate or other legal or equitable process shall issue to prevent or enjoin the collection of any sales or use tax. The decisions are explicit that this and similar provisions prevent the resort to a declaratory judgment to determine

that such tax should not be collected. (*Louis Eckert Brew. Co.* v. *Unemployment Reserves Com.,* 47 Cal.App.2d 844 [119 P.2d 227]; *Estate of Schneider,* 62 Cal.App.2d 463 [145 P.2d 90]; *cf. Modern Barber Col. Inc.* v. *California Emp. Stab. Com.,* 31 Cal.2d 720 [192 P.2d 916].)

The allegation of the complaint quoted above makes it clear that plaintiff is seeking a judicial determination that he is under no fiduciary duty to take the steps provided for in sections 6561 and 6562, Revenue and Taxation Code, based on a further adjudication that "any judgment obtained by the defendants against said dissolved corporation would be void."

Appellant argues that the question is not one of tax law but of corporate law and that the adjudication is necessary for his protection. However rationalized the fact cannot be disguised that appellant seeks a binding adjudication against the Board of Equalization and its members that he need take no steps because the tax cannot be legally collected from the dissolved corporation. Faced by such an adjudication respondents would be effectively barred from collecting the tax.

Judgment affirmed.

Goodell, J., concurred.