[Civ. No. 42226. Second Dist., Div. Five. Jan. 15, 1975.]

COAST ELEVATOR COMPANY, Plaintiff and Appellant, v.
STATE BOARD OF EQUALIZATION, Defendant and Respondent.

COUNSEL

Clyde R. Maxwell and Karl F. Geiser for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, and Philip C. Griffin, Deputy Attorney General, for Defendant and Respondent.

OPINION

LORING, J.*—Coast Elevator Company, a corporation, (Coast) filed an amended complaint against the State Board of Equalization of the State of California, (Board) on a claim (Exhibit A) and amended claim (Exhibit B) to recover refund of sales taxes paid under protest in the sum of $13,241.56. (Amended by proposed amended complaint to be the sum of $17,511; amended by stipulation to be the sum of $4,929.04.) After answer to amended complaint, Coast made a motion for summary judgment supported by affidavit of William M. Shrum, Jr. (president of Coast) and affidavit of E. D. Oliver (a specialist-consultant). The parties entered into a stipulation which provided, inter alia, that the court might decide the issues as if a cross-motion for summary judgment on the same question had been filed by Board and that in lieu of the affidavits of Shrum and Oliver it should be deemed that Shrum and Oliver would testify as set forth in the stipulation. The stipulation then set forth in precise verbiage the "deemed" testimony of the two witnesses.

Pursuant to the request of Coast for findings the court made findings that certain portions of the deemed testimony of Shrum and Oliver was

*Assigned by the Chairman of the Judicial Council.

untrue.[1] The court found that certain designated parts and components of an elevator constituted fixtures subject to sales tax and designated how such tax was to be computed and that certain designated components constituted materials which were subject to sales tax at the contractor's cost of acquisition. These findings were the same as previously made by the Board. The court found that Board's regulation 1521 (formerly rule 11) was a valid regulation and the court concluded that Coast was not entitled to a refund of sales tax. Judgment was entered in favor of Board. Coast appeals from the judgment.

## CONTENTIONS

Appellant contends:

I    The Board's Regulations 1521 (formerly Rule 11, Cal. Admin. Code, tit. 18, § 1921) and General Bulletins 67-8 and 67-9 issued pursuant thereto, are vague, uncertain, ambiguous, conflicting and unreasonable and are, therefore, void on their face. They are also in conflict with the Board's Regulation 1615 (formerly Rule 12, Cal. Admin. Code, tit. 18, § 1922).

---

[1]The deemed testimony of Shrum which was found to be untrue was:

"It is the position of Coast that the self-assessment for the period January 1, 1962 to December 31, 1964 resulted in an overpayment of $4,929.04 of tax by reason of the fact that Coast is a construction contractor and contends that its liability for sales or use tax is limited to tax on the acquisition cost of material used by it in the performance of its elevator construction contracts." The deemed testimony of Oliver which was found to be untrue was:

"The basis for my computation, that plaintiff Coast is entitled to a refund together with interest allowed by law in the amount of $4,929.04 overstatement of sales tax on its sales tax returns for the period January 1962 to December 1964, is that all new elevator systems installed by Coast constitute an integrated portion of the structure into which each system has been incorporated; and that an elevator system is one basic unit which would be rendered inoperable by the separation of any individual part. The unit in its entirety is incorporated into the building in which it is located and becomes an integral part of that building; and many if not most of the buildings in which these elevators have been incorporated would be useless in large part without the incorporation of an elevator into their structure."

"From my experience as a contractor and tax consultant, it is my opinion that all of the component parts of the elevator systems installed by Coast became integral parts of the basic structures, are not accessory to the structures, and are required for the operation of the services of the structures. Further, they cannot be rer oved without substantial damage to the structure and clearly seem to meet all of the tests of materials incorporated into a structure. It is, therefore, my opinion that on its sales tax returns for the first quarter of 1962 through the last quarter of 1964 the plaintiff overstated taxable measure on its sales tax returns in the amount of $123,226.00, and overpaid four percentum sales tax on said amount in the amount of $4,929.04."

II    The case of *Gen. Elec. Co.* v. *State Bd. of Equalization* (1952) 111 Cal.App.2d 180 [244 P.2d 427], is no longer the law of this State insofar as it purports to uphold the validity of Regulation 1521 (formerly Rule 11) and Regulation 1615 (formerly Rule 12).

III   The California Supreme Court and the Court of Appeal have consistently held that the construction contractor is a *user* and *consumer* of personal property which he installs and is taxable on the cost of the materials.

IV    The logical effect of the position taken by respondent is to attempt to levy a tax upon the sale of *real estate* (improvements) and not a tax on tangible personal property, which is not authorized by the Sales and Use tax law.

V     An administrative body is without power to enlarge the scope of the statutes by administrative regulations.

VI    Continued contemporaneous administrative construction lends no validity to a rule or regulation when the construction is incorrect.

VII   Final responsibility for interpretation of the law and of administrative regulations rests with the courts.

VIII  Reenactment of a statute without change does not constitute legislative approval of an existing regulation if the regulation is erroneous.

IX    In a case such as this where the defendant administrative agency has exceeded its authority there is never any basis for an estoppel against the taxpayer.

X     The administrative agency must confine itself to a reasonable interpretation of the statute creating it in adopting regulations. If it goes beyond that the legislative area has been invaded and the regulation is void.

XI    The rule of law is settled that taxing statutes are strictly construed against the taxing authority and in favor of the taxpayer; and that neither the courts (nor administrative agencies) may by interpretation extend tax provision by implication beyond the clear import of the language; nor enlarge their operation to embrace matters not specifically included.

## FACTS

The stipulation that Shrum and Oliver should be deemed to have testified as therein set forth constituted the only evidentiary basis for the motion of Coast for a summary judgment. No declaration or evidence was submitted in behalf of Board. Necessarily, therefore the Board took the position that as a matter of law its rule 1521 was valid and no issue of fact had been raised to indicate its invalidity or the manner in which it had been applied to elevators constructed by Coast. In the summary of the testimony of Oliver he stated inter alia that he had examined the tax returns and books and records of Coast "and determined that shop labor plus ten percent on elevator systems installed in permanent structures had been improperly included as taxable in its sales tax returns." But he explained the basis for such conclusion was that all new elevator systems installed by Coast constitute an integrated portion of the structure in which they are installed. He stated: "Pursuant to the terms of Ruling 11 and Bulletins 67-8 (Exh. 'B') and 67-9 (Exh. 'C'), the Board auditors, in a superceding audit (Exh. 'D'), determined that certain portions of the plaintiff's elevator installations constituted materials integrated into the structure and that other portions of the elevator systems were fixtures and subject to a different and higher measure of tax than that imposed upon the contractor for materials integrated into a structure. The various portions of the plaintiff's systems determined to be fixtures by the auditors of the Board are described in Bulletin 67-9 of the Board of Equalization. The auditors determined from an examination of forty elevator jobs the ratio of total *'materials'* to the *'materials'* which were incorporated into *'fixtures'* listed in Bulletin 67-9 and applied that ratio to total overhead and direct labor to arrive at the cost of overhead and direct labor. The cost of overhead and direct labor attributable to *'fixtures'* was added to the cost of 'materials' used in *'fixtures'* to arrive at the measure of tax for *'fixtures.'* "

Attached to the stipulation was a copy of General Bulletin 67-9[2] issued by Board regarding the application of ruling 11 (now rule 1521) to elevator installations. That bulletin p. ɔvided in part:

"Following are examples of components constituting part of the cage or platform and its hoisting machinery, and which are fixtures under Ruling 11:
   alarm bell
   cab or car

[2]At oral argument counsel for Board conceded that a bulletin has no legal effect and that its function is merely to advise taxpayers how the Board would interpret and apply its rules.

car doors
car platform and sling
door hanger on cab
door openers
door operator on cab or car
door safety edge on cab
door sills on cab
electronic door protector
jack assembly (except oil return and outer casing)
motors
power units and control boxes
pumps
pushbuttons on cab
wire and piping (if attached only to 'fixtures')

"Following are examples of components constituting 'materials' when attached to realty:

car guides
casing section of jack assembly
guide rails
hanger supports
hoistway doors
hoistway door frames
hoistway door safety edge
hoistway door sills and jambs
hoistway door supports
hoistway entrance
pushbuttons on hoistway
rail brackets
sills, struts
sound insulating panels on 'materials'
structural steel (unless part of cab, car, or other 'fixture')
valve strainer
wire and piping attached to 'materials'

"Measure of Tax for Fixtures

"When the contract does not specify the selling price of those components constituting 'fixtures' as herein defined, the selling price consists of either:

"(1) The purchase price paid by the installing contractor for a fixture ready for installation, or

"(2) In the case of fixtures manufactured or purchased in component parts and assembled in whole or in part prior to or during installation,

  (a) The prevailing price at which similar fixtures in similar quantities ready for installation would be sold to contractors, or, if such a prevailing price cannot be ascertained,

  (b) the manufactured cost to the contractor-manufacturer.

"Jobsite fabrication labor and its prorated share of manufacturing overhead must be included in the fixture cost. Jobsite fabrication labor includes assembly labor performed prior to attachment of a component or a fixture to a structure or other real property."

In its petition to Board for redetermination of tax (which was attached to the amended complaint) Coast conceded "In this connection I am willing to concede that the [elevator] cab itself is probably a fixture."

## DISCUSSION

We note at the outset that contrary to the requirements of Code of Civil Procedure section 437c the prevailing party (Board) did not present any affidavit or declaration in support of its motion for summary judgment. ■ " . . . Summary judgment may be granted only upon declarations or affidavits setting forth competent evidence." (*Orange County Air Pollution Control Dist.* v. *Superior Court,* 27 Cal.App.3d 109 at p. 114 [103 Cal.Rptr. 410].) Normally the Board's motion for summary judgment therefore should be treated as a motion for judgment on the pleadings. (*Magna Development Co.* v. *Reed,* 228 Cal.App.2d 230, 234, 244 [39 Cal.Rptr. 284].)

■ However, where there are no issues of fact to be tried and the sole question is one of law that question may appropriately be determined on a motion for summary judgment. (*Jones-Hamilton Co.* v. *Franchise Tax Bd.,* 268 Cal.App.2d 343, 347 [73 Cal.Rptr. 896].) The fact that both sides made motions for summary judgment alleging and representing thereby that there was no material issue of fact to be tried is not binding on the court.

"The following cases expressly hold or recognize that the mere filing of cross motions for summary judgment does not establish that there is

no issue of material fact, or obligate the trial court to render summary judgment, but that the trial court must independently determine whether there exists a genuine issue of material fact.

"...........................................................

"The reasoning underlying these decisions is that a summary judgment rule or statute is a procedural device for the disposition of cases wherein there is no material issue of fact, having for its purpose the elimination of a formal trial where only questions of law are involved, not the cutting off of litigants from their right of trial by jury if they really have issues of fact to try, so that the trial court's function on cross motions for summary judgment is solely to determine whether there is a genuine issue of material fact." (See Annot. Summary Motion-Both Parties, 36 A.L.R.2d 883, 884.)

In the same annotation it is stated: " . . . where, on cross motions for summary judgment, a genuine issue of material fact is disclosed by the record as it then stands, the trial court should deny summary judgment." (36 A.L.R.2d § 3(a), p. 890.)

The law in California is to the same effect. In *Borges* v. *Home Insurance Co.*, 239 Cal.App.2d 275 [48 Cal.Rptr. 540], both sides made cross-motions for summary judgment. The appellate court reviewed the moving papers and concluded that issues of fact requiring trial did exist and that it was therefore error to grant defendants' motion for summary judgment. The court at page 276 said: "We have been cited to no case and know of none which permits a reviewing court to treat two contesting motions for a summary judgment as a submission of the case to the court for a judgment on the record. We therefore test the validity of this judgment by the well-settled rules which rigidly restrict the granting of a motion for summary judgment.

"...........................................................

"The record is such as permits different inferences to be drawn from the facts, even though we agree that there are no controverted material facts.

"It is trite to say that despite the insufficiency of the affidavits filed in opposition to a motion for summary judgment, the moving party must show by his own motion that no triable issue of fact exists. [Citations omitted.]

"In *Bittick, supra,* [63 Cal.2d 30, 34 (45 Cal.Rptr. 31, 403 P.2d 159)] the court says at pages 34-35: ' " . . . In examining the sufficiency of affidavits . . . the affidavits of the moving party are strictly construed and those of his opponent liberally construed, and doubts as to the propriety of granting the motion should be resolved in favor of the party opposing the motion. Such summary procedure is drastic and should be used with caution so that it does not become a substitute for the open trial method of determining facts." [Citations.]' "

"[I]ssue finding rather than issue determination is the pivot upon which the summary judgment law turns." (*Walsh* v. *Walsh,* 18 Cal.2d 439, 441 [116 P.2d 62].)

We therefore look to the evidence (the stipulation of "deemed" testimony) to determine whether or not a triable issue of fact existed which required trial or whether the trial court could dispose of the case on motion of Board because it presented only a question of law. Although the order denying the motion of Coast is not appealable, it is reviewable on appeal from the final judgment in favor of Board. (*Nevada Constructors* v. *Mariposa etc. Dist.,* 114 Cal.App.2d 816, 818 [251 P.2d 53].)

In evaluating the "deemed" testimony in support of the motion of Coast, it should be strictly construed (*Weichman* v. *Vetri,* 100 Cal.App.2d 177 [223 P.2d 288]), but in evaluating the "deemed" testimony in opposition to the motion of Board, it should be liberally construed. The affidavits in opposition need only show a "possible" cause of action. (*Orser* v. *George,* 252 Cal.App.2d 660 at p. 669 [60 Cal.Rptr. 708], 4 Witkin Cal. Procedure (2d ed.) Proceedings Without Trial, § 191, p. 2839.)

The opposition evidence should be liberally construed even though it includes some lawyer-like conclusions. (*McComsey* v. *Leaf,* 36 Cal.App.2d 132, 140-141 [97 P.2d 242].) The court found that some of the matters "deemed" testified to by Shrum and Oliver were untrue and made findings accordingly. On a motion for summary judgment the court is not required to make findings of fact. (*Simpson Bros.* v. *District of Columbia,* 179 F.2d 430 [85 App.D.C. 275], cert. den., 338 U.S. 911 [94 L.Ed. 561, 70 S.Ct. 350]; Code Civ. Proc., § 632 [findings only required in trial of issue of fact].) Findings are not required when the case is disposed of on an issue of law. (*Bradley Co.* v. *Ridgeway,* 14 Cal.App.2d 326, 329-330 [58 P.2d 194] [judgment on the pleadings]; *Wheeler* v. *Board*

*of Medical Examiners,* 98 Cal.App. 267, 268 [276 P. 1119].) The fact that the court found portions of the deemed testimony of Shrum and Oliver to be untrue, indicates that the court possibly believed that without such a finding it would not have been entitled to render summary judgment for Board. We have previously quoted in the margin the portions of the deemed testimony which the court found to be untrue and we will not repeat it here.

We will therefore proceed on the assumption that such statements were true.[3] The basic question then is did an issue of fact remain which required trial? The deemed testimony offered by Coast in support of its motion for summary judgment did not meet the burden of proof required of a taxpayer in a claim for refund against Board. In *L.A.J., Inc.* v. *State Bd. of Equalization,* 38 Cal.App.3d 549 [113 Cal.Rptr. 319], we held that a superior court could not refuse to follow Board's classification in the absence of a finding (in this case some evidence) that the classification by Board was arbitrary, capricious or had no reasonable or rational basis. In view of the concession by Coast in its claim for refund that the elevator cab was a fixture, the problem with which the Board was confronted was to determine what components were a part of the fixture (the cab) and what components were inherent in the building itself. The deemed testimony of Shrum and Oliver merely established that reasonable minds might have reached a different result; that certain aspects of an elevator installation were materials incorporated in the real property structure, rather than part of the elevator fixture. But evidence that reasonable minds might reasonably differ on a matter of classification of various components as materials or fixtures, falls far short of establishing that the classification adopted by Board was arbitrary, capricious or had no reasonable or rational basis. As we said in *L.A.J., Inc.* v. *State Bd. of Equalization, supra* at page 554: "If there appears to be some reasonable basis for the board's classification a court will not substitute its judgment for that of the administrative body." It is manifest from General Bulletin No. 67-9 (quoted *supra)* that Board made a sincere and reasonable effort to classify as fixtures only those components of the elevator which constituted part of the cage and hoisting mechanism, and that it made a sincere and reasonable effort to classify as materials those components which were attached to and became an integral part of the structure of the building. As we have noted, a court may not substitute its judgment for that of the Board in the absence of a

---

[3]At oral argument both sides conceded that the trial court was in error in making findings that portions of the deemed testimony were untrue.

finding supported by substantial evidence that the classification by Board was arbitrary or capricious or had no reasonable or rational basis. On a motion for summary judgment that means that it is incumbent on the taxpayer to present in support of its motion some competent evidence which if believed would support such a finding. Coast presented no such evidence in this case. Coast did not demonstrate that there was any issue of fact to be tried in that regard. Consequently Coast would not have been legally entitled to prevail even if all of the deemed testimony of Shrum and Oliver had been accepted as true by the trial court.

This brings us to the basic question involved on this appeal. Is ruling 11 of the Board (now rule 1521) unlawful? It is first necessary to review certain basic principles. It should be borne in mind that the Board is a constitutional body (Cal. Const., art. XIII, § 9) authorized by the Legislature to administer and enforce the sales and use tax law, Revenue and Taxation Code section 7051 et seq. with power to adopt rules and regulations. (*Am. Distilling Co.* v. *St. Bd. of Equalization,* 55 Cal.App.2d 799 [131 P.2d 609].) The Legislature has enacted a comprehensive taxing system applicable to the sale, use, storage or consumption of personal property. (*Douglas Aircraft Co., Inc.* v. *Johnson,* 13 Cal.2d 545, 549 [90 P.2d 572].) A "sale" is "any transfer of title . . . of tangible personal property for a consideration." (Rev. & Tax. Code, § 6006, subd. (a); *Select Base Materials* v. *Board of Equal.,* 51 Cal.2d 640, 645 [335 P.2d 672].) ■ Although the Board must necessarily pass on matters of both law and fact, its administrative determination of matters of law are subject to judicial review (*People* v. *West Publishing Co.,* 35 Cal.2d 80 [216 P.2d 441]), but the courts will give weight to the Board's interpretation. (*Coca Cola Co.* v. *State Bd. of Equalization,* 25 Cal.2d 918 [156 P.2d 1].) ■ It should also be borne in mind that exemptions are strictly construed against the taxpayer. (*In re Los Angeles Lumber Products Co.,* 45 F.Supp. 77.) ■ The sales tax is not a tax on sales but is an excise tax on the privilege of conducting a retail business which is measured by gross receipts from sales. (*Western L. Co.* v. *State Bd. of Equalization,* 11 Cal.2d 156 [78 P.2d 731, 117 A.L.R. 838]; *De Aryan* v. *Akers,* 12 Cal.2d 781 [87 P.2d 695], cert. den., 308 U.S. 581 [84 L.Ed. 487, 60 S.Ct. 101]; *City of Pomona* v. *State Bd. of Equalization,* 53 Cal.2d 305 [1 Cal.Rptr. 489, 347 P.2d 904].) It is not a tax on a franchise. (*Roth Drug, Inc.* v. *Johnson,* 13 Cal.App.2d 720 [57 P.2d 1022].) The tax is levied on the seller, not on the buyer and it is levied on the seller regardless of whether or not he obtains reimbursement from the buyer. (*National Ice etc. Co.* v. *Pacific F. Exp. Co.,* 11 Cal.2d 283 [79 P.2d 380]; *Market St. Ry. Co.* v.

*Cal. St. Bd. Equal.,* 137 Cal.App.2d 87 [290 P.2d 20]; *Livingston Rock & Gravel Co.* v. *De Salvo,* 136 Cal.App.2d 156 [288 P.2d 317].) The retailers right of reimbursement from the buyer is optional with the retailer and may be waived. (*Livingston Rock & Gravel Co.* v. *De Salvo,* 136 Cal.App.2d 156, *supra.*) The tax is not imposed on individual sales (*Clary* v. *Basalt Rock Co.,* 99 Cal.App.2d 458 [222 P.2d 24]), but on gross receipts (*Western Lithograph Co.* v. *State Board of Equalization,* 11 Cal.2d 156 [78 P.2d 731, 117 A.L.R. 838]). The sales price includes services that are part of the sale (Rev. & Tax. Code, § 6012). (*Select Base Materials* v. *Board of Equal.,* 51 Cal.2d 640 [335 P.2d 672].) It is presumed that all gross receipts are subject to the tax until the contrary is established (Rev. & Tax. Code, § 6091). ▓▓▓ Viewed against these general principles we now consider the basic contentions of Coast. Despite the multiplicity of arguments made by Coast, they are all reducible to one basic contention—that rule 11 is illegal and that *Gen. Elec. Co.* v. *State Bd. of Equalization,* 111 Cal.App.2d 180 [244 P.2d 427], should be overruled, that it is outmoded. We therefore proceed to consider this basic issue. In rule 11 (now rule 1521) the Board attempted to distinguish between materials incorporated in and which became an integral part of the real property and fixtures installed therein. As noted, the regulation was upheld in *Gen. Elec. Co.* v. *State Bd. of Equalization, supra.*[4] That court wisely said that the legal issue is not the status of the subject matter in the hands of the buyer but in the hands of the seller. In the hands of the seller (Coast) the components of the elevator as a fixture were personal property.

In the final analysis, what the Board was attempting to do (and properly so) was to *exclude* from gross sales those materials which were incorporated in and became a part of the real property and which were not properly classifiable as fixtures. Inasmuch as the contract provided for a single price, it became the duty of the Board to distinguish between and to properly classify real and personal property.

Assuming for the sake of argument that we were persuaded to conclude that *Gen. Elec. Co.* v. *State Bd. of Equalization, supra,* is no longer sound law (we are not so persuaded) we would still be left with *Select Base Materials* v. *Board of Equal., supra,* which held that services may be taxable when they are included in the sales price of the personal property. In our view, this rule is particularly sound when a retailer is

---

[4]According to Shephards Citator, *General Electric* has been cited with approval nine times and has never been overruled.

engaged in fabricating parts which are incorporated in the fixture and such fabrication is therefore included in the sales price of the fixture.

The basic regulations of Board in attempting to distinguish between materials incorporated in a construction project and fixtures installed therein has been in effect in California for 40 years. Coast refers to an opinion of a trial judge in another case in which it is stated that a review of the law in the 49 other states indicates that California is a minority of one in adhering to such classification and taxing policies. The power of the California Legislature to impose taxes is derived from the inherent power of California as a sovereign state. (*Helvey* v. *Sax,* 38 Cal.2d 21, 24 [237 P.2d 269]; *Watchtower B. & T. Soc.* v. *County of L. A.,* 30 Cal.2d 426, 429 [182 P.2d 178]; *Tetreault* v. *Franchise Tax Bd.,* 255 Cal.App.2d 277 [63 Cal.Rptr. 326]; *Douglas Aircraft Co.* v. *County of L.A.,* 137 Cal.App.2d 803 [291 P.2d 85]; 46 Cal.Jur.2d, Taxation, § 10, p. 492.) The United States Constitution imposes limitations on that power (*In re Terui,* 187 Cal. 20 [200 P. 954, 17 A.L.R. 630]) and the California Constitution imposes limitations on that power (*Taylor* v. *Palmer,* 31 Cal. 240, 252,253), but the California Constitution limitations must be strictly construed. (*Jones-Hamilton Co.* v. *Franchise Tax Bd.,* 268 Cal.App.2d 343 [73 Cal.Rptr. 896].) Consequently, as a sovereign state whose powers are limited only by the federal and its own Constitution, it is the prerogative of California to be a minority of one if it so chooses, so long as it does not violate either Constitution. No such violation is shown here. This is merely an argument that our statutory laws are unwise and that we are out of step. If so, the remedy is in the Legislature or with the Board, not with this court. As was said in *Cowart* v. *Union Paving Co.,* 216 Cal. 375 at page 381 [14 P.2d 764, 83 A.L.R. 1185]: "All the authorities go to the extent of deciding that courts cannot inquire into the policy of the tax, or undertake to limit the authority of the legislature, so long as it is exercised within constitutional limitations, and so long as it appears that it is a proper exercise of the taxing power." "[T]he court should not substitute its judgment for that of an administrative agency which acts in a quasi-legislative capacity. ■ [A court] will not, therefore, superimpose its own policy judgment upon the agency in the absence of an arbitrary and capricious decision." (*Pitts* v. *Perluss,* 58 Cal.2d 824, 832 [27 Cal.Rptr. 19, 377 P.2d 83].) "If reasonable minds may well be divided as to the wisdom of an administrative board's action, its action is conclusive." (*Rible* v. *Hughes,* 24 Cal.2d 437, 445 [150 P.2d 455, 154 A.L.R. 137].)

We conclude that the court correctly denied Coast's motion for

summary judgment and correctly granted Board's motion for summary judgment since in the final analysis only a question of law was involved and the position of the Board, with reference to that issue of law, was correct.

The judgment is affirmed.

Stephens, Acting P. J., and Ashby, J., concurred.

A petition for a rehearing was denied February 13, 1975, and appellant's petition for a hearing by the Supreme Court was denied March 12, 1975.