[Civ. No. 43732. Second Dist., Div. Five. June 5, 1975.]

HONEYWELL, INC., et al., Plaintiffs and Respondents, v.
STATE BOARD OF EQUALIZATION, Defendant and Appellant.

908

## Counsel

Evelle J. Younger, Attorney General, Ernest P. Goodman, Assistant Attorney General, and Neal J. Gobar, Deputy Attorney General, for Defendant and Appellant.

Clyde R. Maxwell and Karl F. Geiser for Plaintiffs and Respondents.

## Opinion

**LORING, J.\***—On January 5, 1970,[1] Honeywell, Inc., a Delaware corporation (Honeywell), Johnson Service Company, a Wisconsin Corporation (Johnson), Barber-Colman Company, an Illinois corporation (Barber-Colman), Montgomery Elevator Company, a Delaware corporation (Montgomery), Superior Elevator Inc., a California corporation (Superior), United Elevator Corp., Ltd., a California corporation (United), and Coast Elevator Corporation, a California corporation (Coast) (collectively Taxpayers) filed an amended complaint against State Board of Equalization of the State of California (Board) seeking a declaratory judgment under the provisions of Code of Civil Procedure section 1060 and Government Code section 11440 that Board's ruling 11 (now known as rule 1521)[2] particularly as applied to such taxpayers was illegal and void. Board filed a general and special demurrer which was overruled.

---

\*Assigned by the Chairman of the Judicial Council.

[1]The original complaint was filed April 30, 1969.

[2]Although former rule 11 is now known as rule 1521 (Cal. Admin. Code, tit. 18, § 1521), we will refer to it as rule 11 since counsel and the trial court have consistently done so throughout this case.

After answer and nonjury trial the trial court filed its memorandum of intended decision which it declared would also constitute findings of fact, declaring that rule 11 is "invalid as being unreasonable, arbitrary, ambiguous, discriminatory and being in excess of the statutory rule making powers of the Board." Board's objection to findings and request for additional findings were overruled except that the court did file a supplement to its intended decision. The court rendered judgment in favor of Taxpayers and against Board declaring rule 11 (now rule 1521) "invalid." Board appeals from the judgment.

## CONTENTIONS

Appellant contends:

I   The sole issue which may properly be raised in a declaratory relief action such as this is the validity of a regulation (ruling 11) as a matter of law.

II   The Court of Appeal should refuse to issue any declaration in this case because:

A. It would amount to an injunction against the collection of taxes;

(B)  There is an adequate remedy by action for refund;

(C)  Taxpayers have not exhausted their administrative remedies.

III   Ruling 11 is valid as a matter of law.

## FACTS

All of the taxpayer plaintiffs are engaged either in the manufacture and installation of elevators (Coast, Montgomery,[3] United) or the manufacture and installation of temperature control systems (Honeywell, Johnson and Barber-Colman). Each contends that Board's rule 11 is illegal as applied to it because rule 11 is unreasonable, arbitrary, ambiguous, discriminatory and is in excess of Board's statutory rule making powers. Board demurred to the amended complaint on the ground that the superior court was without jurisdiction and the amended

---

[3]Montgomery is also engaged in the business of manufacturing and installing escalators.

complaint did not state a cause of action for declaratory relief because each taxpayer had engaged in business for several years, its tax liability, if any, had already been fixed by its own conduct, it had adequate administrative remedies by way of claims for refund, that claims for refund had been made and were in process of consideration, that in some instances, actions for refund had been filed and were pending in the superior court[4] and that declaratory relief therefor was improper, unnecessary and was not authorized by Government Code section 11440. The trial court overruled such demurrer and the case was tried on its merits.

## DISCUSSION

Appellant earnestly contends that this is not a proper cause for declaratory relief, and that declaratory relief herein is not authorized by Government Code section 11440[5] because each taxpayer was seeking a declaratory judgment after the fact—after it had acted—that the normal existing processes of the law offered an adequate remedy and that Government Code section 11440 was only intended to be applied to test the validity of a tax regulation before the taxpayer acted so that he could govern his conduct accordingly. Board contends that Government Code section 11440 was not intended to authorize a declaratory relief action after the taxpayer had completed the taxable transaction because the normal administrative and legal proceedings provide an adequate remedy and afford all of the relief that could be afforded in an action for declaratory relief. Board argues that to allow the use of the declaratory relief process after the taxable transaction has been completed and before administrative remedies have been exhausted is tantamount to the use of the injunctive process to restrain collection of taxes, which the judicial department of government should never do.

The law is well established in California that a litigant may not initiate a judicial action before he has exhausted administrative reme-

[4] *Coast Elevator Co.* v. *State Bd. of Equalization,* 44 Cal.App.3d 576 [118 Cal.Rptr. 818]; *Honeywell, Inc.* v. *State Bd. of Equalization, ante,* p. 897 [122 Cal.Rptr. 237]; a similar case, *Oliver & Williams Elevator Corp.* v. *State Bd. of Equalization, ante,* p. 890 [122 Cal.Rptr. 249] (Oliver & Williams was engaged in the business of constructing and installing elevators).

[5] Government Code section 11440 reads: "Any interested person may obtain a judicial declaration as to the validity of any regulation by bringing an action for declaratory relief in the superior court in accordance with the provisions of the Code of Civil Procedure and in addition to any other ground which may exist, such regulation may be declared to be invalid for a substantial failure to comply with the provisions of this chapter or, in the case of an emergency regulation or order of repeal, upon the ground that the facts recited in the statement do not constitute an emergency within the provisions of Section 11421(b)."

dies. (*Abelleira* v. *District Court of Appeal*, 17 Cal.2d 280 [109 P.2d 942, 132 A.L.R. 715]; *United States* v. *Superior Court*, 19 Cal.2d 189 [120 P.2d 26]; *Alexander* v. *State Personnel Bd.*, 22 Cal.2d 198 [137 P.2d 433]; *Miller* v. *Municipal Court*, 22 Cal.2d 818 [142 P.2d 297]; *Scripps etc. Hospital* v. *Cal. Emp. Com.*, 24 Cal.2d 669 [151 P.2d 109, 155 A.L.R. 360]; *Triangle Ranch, Inc.* v. *Union Oil Co.*, 135 Cal.App.2d 428, 434 [287 P.2d 537]), including tax proceedings (*People* v. *Sonleitner*, 185 Cal.App.2d 350, 361 [8 Cal.Rptr. 528]; *People* v. *West Publishing Co.*, 35 Cal.2d 80 [216 P.2d 441]). ■ Where a statute prohibits the granting of an injunction or writ of mandamus to prevent collection of a tax (Rev. & Tax. Code, § 6931) an action for a declaration that the tax is not legally collectible would circumvent the law and, accordingly, declaratory relief will be refused. *Casey* v. *Bonelli*, 93 Cal.App.2d 253 [208 P.2d 723]; *Louis Eckert B. Co.* v. *Unemploy. R. Com.*, 47 Cal.App.2d 844, 846 [119 P.2d 227]; *Valley Fair Fashions, Inc.* v. *Valley Fair*, 245 Cal.App.2d 614, 616 [54 Cal.Rptr. 306]; see also *Estate of Schneider*, 62 Cal.App.2d 463 [145 P.2d 90]; *Helms Bakeries* v. *St. Bd. Equalization*, 53 Cal.App.2d 417 [128 P.2d 167] cert. den. 318 U.S. 756 [87 L.Ed. 1129, 63 S.Ct. 530]; however, see *Lord* v. *Garland*, 27 Cal.2d 840 [168 P.2d 5].

This brings us to a consideration of Government Code section 11440. Prior to the adoption of that section in 1947 the normal process of declaratory relief authorized by Code of Civil Procedure section 1060 was not broad enough to authorize a test of the validity or interpretative effect of a regulation adopted by any one of a myriad of state governmental agencies. Section 11440 intended to extend the scope of declaratory relief beyond deeds, wills, written instruments, contracts, or with respect to duties to persons or property, to include regulations of state governmental agencies. *County of L.A.* v. *State Dept. Pub. Health*, 158 Cal.App.2d 425 [322 P.2d 968]. "The Legislature, by enactment of section 11440, must have intended to permit persons affected by an administrative regulation to test its validity *without having to enter into contracts with third persons in violation of its terms or to subject themselves to prosecution or disciplinary proceedings.*" (Italics ours.) *Chas. L. Harney, Inc.* v. *Contractors' Bd.*, 39 Cal.2d 561, 564-565 [247 P.2d 913]. ■ But that reason no longer exists after a taxpayer has entered into a transaction which the taxing authorities claim is taxable. When the taxpayer has completed a transaction, resort to declaratory relief is no longer necessary or appropriate since the tax liability, if any, has accrued and therefore normal administrative processes, subject to judicial review, are adequate and accomplish the same result. *Walker* v. *Munro*, 178 Cal.App.2d 67 [2 Cal.Rptr. 737].

In *Casey* v. *Bonelli,* 93 Cal.App.2d 253 [208 P.2d 723], plaintiff filed what in effect was an action for declaratory relief alleging that he was president and member of the board of directors of a corporation which elected to dissolve, that defendant issued notice of tax deficiency under the sales and use tax law, and plaintiff requested a declaration that he was under no duty to resist the levy of tax deficiency and that any judgment for tax deficiency which defendant obtained against the corporation would be void. The trial court sustained defendant's demurrer without leave to amend and the Court of Appeal affirmed stating at page 254:

"Under section 6931, Revenue and Taxation Code, no injunction, writ of mandate or other legal or equitable process shall issue to prevent or enjoin the collection of any sales or use tax. The decisions are explicit that this and similar provisions prevent the resort to a declaratory judgment to determine that such tax should not be collected. (*Louis Eckert Brew Co.* v. *Unemployment Reserves Com.,* 47 Cal.App.2d 844 [119 P.2d 227]; *Estate of Schneider,* 62 Cal.App.2d 463 [145 P.2d 90]; *cf. Modern Barber Col. Inc.* v. *California Emp. Stab. Com.,* 31 Cal.2d 720 [192 P.2d 916].)

"The allegation of the complaint quoted above makes it clear that plaintiff is seeking a judicial determination that he is under no fiduciary duty to take the steps provided for in sections 6561 and 6562, Revenue and Taxation Code, based on a further adjudication that 'any judgment obtained by the defendants against said dissolved corporation would be void.'

"Appellant argues that the question is not one of tax law but of corporate law and that the adjudication is necessary for his protection. However rationalized the fact cannot be disguised that appellant seeks a binding adjudication against the Board of Equalization and its members that he need take no steps because the tax cannot be legally collected from the dissolved corporation. Faced by such an adjudication respondents would be effectively barred from collecting the tax."

The wisdom of the foregoing principles is amply demonstrated in the case at bar. The identical issues raised herein, were raised by some of these identical litigants, by these identical counsel in *Coast Elevator Co.* v. *State Bd. of Equalization,* 44 Cal.App.3d 576 [118 Cal.Rptr. 818]; *Honeywell, Inc.* v. *State Bd. of Equalization, supra, ante.* Another case involving a plaintiff who is not a party to the case at bar and represented

by different counsel is *Oliver & Williams Elevator Corp.* v. *State Bd. of Equalization, supra, ante. Oliver & Williams etc.* v. *State Bd., etc.* involves an identical attack on rule 11. In each of these cases rule 11 was attacked on precisely the same ground after processing claims through the administrative process. It is clear that insofar as Coast at least is concerned, the validity of rule 11 has been adjudicated by final judgment. *Coast Elevator Co.* v. *State Bd. of Equalization, supra.* Now we have a declaratory relief case relitigating the same issues and making the identical attack and this action was prosecuted to judgment notwithstanding the fact that insofar as some of these plaintiffs are concerned (Coast and Honeywell) their individual actions were on file prior to this action. The trial court could well have refused jurisdiction of this case under the provisions of Code of Civil Procedure section 1061. However, it did not do so. Nevertheless we might well dispose of this appeal on the ground that the court's failure to dismiss under the circumstances here presented was an abuse of discretion. *K & W Pharmacy, Inc.* v. *State Dept. of Social Welfare,* 275 Cal.App.2d 139 [79 Cal.Rptr. 598]. However, since *Pacific Motor Transport Co.* v. *State Bd. of Equalization,* 28 Cal.App.3d 230 [104 Cal.Rptr. 558], casts some doubt on the applicability of *Casey* v. *Bonelli, supra* (and similar cases), we will proceed to determine this case on its merits.

■    We conclude that rule 11 is valid and that the trial court was in error in declaring that rule 11 "is invalid as being unreasonable, arbitrary, ambiguous, discriminatory and being in excess of the statutory rule making powers of the Board."

Board did not create the law of fixtures. The law of fixtures was recognized in California long prior to the enactment of the Sales Tax Act (*Merritt* v. *Judd* (1859) 14 Cal. 59) and it was a part of the common law long prior to the existence of California as a state.

If tangible personal property is a premanufactured, highly engineered and precisely controlled device normally sent to a construction job as a fabricated item which is accessorial to a structure and is removable or replaceable, it is treated by Board as a fixture under rule 11. Board by its rule 11 was simply attempting to apply the Sales Tax Act to existing legal principles which were long established. Rule 11 simply provides that a sale of a fixture is a sale of tangible personal property subject to the Sales Tax Act notwithstanding the fact that the fixture may be installed on real property, and notwithstanding the fact that the seller may provide incidental personal services in connection with its installa-

tion. The trial court found fault with rule 11 because it is sometimes difficult to draw a line of demarkation between fixtures and materials which are taxed to the contractor as a consumer. Unquestionably it is sometimes difficult to draw that line. But that difficulty stems not from rule 11 but from problems inherent in the basic legal concept of fixtures. The law has frequently encountered problems in drawing a precise line between fixtures and materials in areas outside of the sales tax law. (22 Cal.Jur.2d 254-276, Fixtures, §§ 2-12.) There are admittedly many gray areas. But that very uncertainty justifies a process of initial administrative determination subject to judicial review, since it is far better to resolve the gray areas, no matter how laborious the effort, than that retail sellers of fixtures be permitted to escape their fair share of tax. As Justice Oliver Wendell Holmes pointed out in *Dominion Hotel* v. *Arizona,* 249 U.S. 265, 269 [63 L.Ed. 597, 599, 39 S.Ct. 273], "the constant business of the law is to draw such lines," and as was said in *Gen. Elec. Co.* v. *State Bd. of Equalization,* 111 Cal.App.2d 180 [244 P.2d 427], "That difficulty is inherent in the application of any classification and does not render the classification invalid." See also *Mission Pak Co.* v. *State Bd. of Equalization,* 23 Cal.App.3d 120 [100 Cal.Rptr. 69]; *Henry's Restaurants of Pomona, Inc.* v. *State Bd. of Equalization,* 30 Cal.App.3d 1009 [106 Cal.Rptr. 867]. We hold that rule 11 is a proper exercise of Board's rule-making authority. *Gen. Elec. Co.* v. *State Bd. of Equalization, supra; Coast Elevator Co.* v. *State Bd. of Equalization, supra.*

Taxpayers claim that rule 11 is discriminatory because as applied to construction contractors, they are classified as consumers and the Sales and Use Tax Act is applied at the point at which contractors acquire materials. That is a proper basis for a distinction since contractors engaged in the construction of buildings are engaged primarily in the rendering of personal services and the supplying of materials is incidental to the rendition of such services. Whereas in the case of a sale of fixtures the transaction is primarily the sale of tangible personal property and the services of installation, if any, are merely incidental to such sale. Furthermore, normally speaking, a general contractor engaged in the construction of a building does not engage in any off-site manufacturing process, or if so it is merely incidental. On the other hand, the sellers of fixtures, as tangible personal property (as in the case of the Taxpayers at bar) generally speaking engage in off-site manufacturing processes which are the primary contribution to the value of his product. A general building contractor is therefore properly classified as a consumer of tangible personal property and the last prior sale thereof is at the point at which said consumer acquired the tangible personal

property. Such rationale is not applicable to the seller of fixtures since the seller of fixtures is primarily engaged in a sale of tangible personal property. Such distinction is based upon an appropriate factual basis justifying such classification. *Ladd* v. *State Bd. of Equalization*, 31 Cal.App.3d 35 [106 Cal.Rptr. 885].

Taxpayer also claims that rule 11 is discriminatory because it distinguishes between contractors generally and United States government contractors. In view of the unique taxable status of the United States government (it may not be taxed without its consent (*C. R. Fedrick, Inc.* v. *State Bd. of Equalization*, 38 Cal.App.3d 385 [112 Cal.Rptr. 598])), such contracts are a proper basis for classification. Revenue and Taxation Code sections 6381, 6384; *Gen. Elec. Co.* v. *State Bd. of Equalization, supra,* 111 Cal.App.2d 180.

We conclude that the trial court was in error in declaring rule 11 invalid. *Gen. Elec. Co.* v. *State Bd. of Equalization, supra; Coast Elevator Co.* v. *State Bd. of Equalization, supra.*

The judgment is reversed with directions to the trial court to enter a declaratory judgment in favor of Board declaring that rule 11 as applied to plaintiffs is not invalid.

Stephens, Acting P. J., and Ashby, J., concurred.

A petition for a rehearing was denied July 2, 1975, and respondents' petition for a hearing by the Supreme Court was denied July 30, 1975.