[Civ. No. 42844. Second Dist., Div. Five. June 5, 1975.]

OLIVER AND WILLIAMS ELEVATOR CORPORATION,
Plaintiff and Respondent, v.
STATE BOARD OF EQUALIZATION, Defendant and Appellant.

**COUNSEL**

Evelle J. Younger, Attorney General, and Philip C. Griffin, Deputy Attorney General, for Defendant and Appellant.

Rose, Klein & Marias, Richard Douglas Brew and Alfred M. Klein for Plaintiff and Respondent.

Gibson, Dunn & Crutcher, James G. Phillipp and Marc R. Isaacson as Amici Curiae on behalf of Plaintiff and Respondent.

## OPINION

**LORING, J.***—On January 15, 1970, Oliver & Williams Elevator Corp., a corporation (Oliver & Williams) filed a complaint and on May 1, 1972, it filed a supplemental complaint for refund of sales and use taxes against State Board of Equalization of the State of California (Board). By its original complaint Oliver & Williams sought $17,905.85 for the period April 1, 1961 to March 31, 1964, with interest and by its supplemental complaint it sought $29,590.84 for the period April 1, 1964 to December 1, 1967. In each complaint Oliver & Williams alleged that it was engaged in doing an elevator construction, installation and repair contracting business, that its elevators and elevator components are not fixtures within the purview of Board's ruling number 11 (now Cal. Admin. Code, tit. 18, § 1521), that the component parts of an elevator are materials in the hands of Oliver & Williams, not fixtures, and that ruling number 11 is unconstitutional in violation of section 1 of the Fourteenth Amendment to the United States Constitution. After answer and nonjury trial, the court filed notice of its intended decision, made findings in favor of Oliver & Williams and concluded as a conclusion of law that "The inclusion by defendant of elevators in paragraph (a)(4) of its regulation 1521 (Plaintiff's Exhibit 2)[1] constitutes an incorrect, arbitrary and unreasonable classification in that the defendant thereby ignores the architectural and functional integration of an elevator in the building structure as an improvement to real property." The court found that Oliver & Williams was entitled to a judgment for refund of $18,161.04 with interest on the complaint and the sum of $33,875.37, with interest on the supplemental complaint. Judgment was entered accordingly. Board's motion for new trial was denied. Board appeals from the judgment.

### CONTENTIONS

Appellant contends:

I Classification of components of an elevator system in ruling 11 is valid.

II Oliver and Williams transferred title to tangible personal property and was subject to sales tax on elevator fixture components.

---

*Assigned by the Chairman of the Judicial Council.

[1]The regulation is commonly referred to as rule 11, the number of its predecessor. It is so referred to in our opinion in three companion cases hereafter referred to. We will therefore refer to it as rule 11.

## FACTS

The case was submitted to the trial court for decision on a written stipulation of facts[2] wherein various facts were stipulated to and which authorized receipt in evidence of two volumes of description and pictures entitled "How an Elevator is Built" (Exhibit 1). The stipulation outlined in detail the contentions of Oliver & Williams that no part of an elevator system constituted a fixture and that all parts were materials and the contention of Board that certain portions of the elevator system were fixtures (the cab and its components) and subject to tax and that certain portions were materials ultimately integrated into a structure which were not fixtures.[3] The stipulation outlined in detail what the consequences in terms of money would be if the court adopted Oliver & Williams' contentions or the Board's contentions. (In the stipulation, Board stipulated that even if the court adopted its contentions, Oliver & Williams would still be entitled to a refund of $5,172.82 with interest at 6 percent per annum from October 17, 1968, until paid on the complaint and $9,931.69 with interest at 6 percent per annum from April 23, 1971, until paid on the supplemental complaint.)

## DISCUSSION

■ At the outset we are confronted with the question of the standard which this court should use in reviewing this appeal. Oliver & Williams argue that Board has failed to raise appealable issues and that Board ignores the function of an appellate court which is to review errors of law and not pass on questions of fact. Oliver & Williams complains that Board is presenting and arguing its case in this court as if this appeal were a trial de novo. Oliver & Williams seeks to apply the normal appellate rule that appellate courts are bound by findings of fact by a trial court if they are supported by substantial evidence citing such cases as *Crawford* v. *Southern Pacific Co.*, 3 Cal.2d 427, 429 [45 P.2d 183]; *Bancroft-Whitney Co.* v. *McHugh* 166 Cal. 140 142 [134 P. 1157]; *Overton* v. *Vita-Food Corp.*, 94 Cal.App.2d 367, 370 [210 P.2d 757].

The rule contended for by Oliver & Williams is well established. There is however an important exception which controls the case at bar.

---

[2] The record on appeal therefore does not include a reporter's transcript. Neither party requested a reporter's transcript.

[3] The "materials" were not subject to sales tax because Oliver & Williams had acquired them tax paid.

This case was submitted on a stipulation of facts with documents. There was no conflict in the evidence. No oral evidence was introduced. The trial court was not confronted with any question of the credibility of witnesses. Under such circumstances the issue becomes a question of law which can be resolved by an appellate court as well as a trial court. In *Western Contracting Corp.* v. *State Board of Equalization,* 265 Cal.App.2d 568 [71 Cal.Rptr. 472], it was stated at 575: "Western argues that since oral and documentary evidence was offered in addition to the stipulation of facts that this court is bound by the findings of the trial court. However, this additional evidence did not create a conflict, but only supplemented the stipulation of facts. 'Since the issues here involve the applicability of taxing statutes to uncontradicted facts, we are confronted purely with a question of law and are not bound by the findings of the trial court.' [Fns. omitted.] [Citations.]"

In *David Kikkert & Associates, Inc.* v. *Shine,* 6 Cal.App.3d 112 [86 Cal.Rptr. 161], the court at page 116 said: "As to decisive facts which are *undisputed* in such situation, however, the superior court cannot assess the 'weight' of evidence thereof which is uncontradicted, nor exercise its 'independent judgment' with respect to such evidence, because the determination of its effect presents a question of law alone."

■ We therefore proceed to resolve the undisputed facts in this case as an issue of law.

Oliver & Williams argues that it is only liable for sales tax upon the purchase cost of materials and parts which are consumed in the process of manufacture of an elevator. Oliver & Williams thereby seeks to avoid tax on the value of the tangible personal property which it sells which is added thereto by virtue of its own manufacturing process. It thereby seeks to that extent to secure an unfair economic advantage over its competitors, if any, who purchase and install completed elevator systems manufactured by others and who are compelled to pay sales tax at the retail price of the manufactured system.

In *Coast Elevator Co.* v. *State Bd. of Equalization,*[4] 44 Cal.App.3d 576 [118 Cal.Rptr. 818], the court upheld the validity of rule 11 as applied to elevator systems. The court there concluded that the superior court could not refuse to follow Board's classification in the absence of a finding that

[4] The opinion in *Coast Elevator* was filed long after the trial of the case at bar so the trial judge here did not have the benefit of said opinion.

the classification by Board was arbitrary, capricious or had no reasonable or rational basis. Here the trial court purported to make such findings. But in *Coast Elevator,* the court also said that evidence that reasonable minds might reasonably differ on a matter of classification of various components as materials or fixtures, falls far short of establishing that the classification adopted by Board was arbitrary, capricious or had no reasonable or rational basis. The court there pointed out that a trial court should not superimpose its own policy judgment upon the Board in the absence of an arbitrary and capricious decision and that if reasonable minds may be divided, Board's action is conclusive.

An elevator cab is a mechanical device which travels on rails and transports people and property from floor to floor within a building.[5] It is sometimes constructed within and sometimes without the exterior walls of the building. Such an elevator cab is therefore not unlike a railroad train or streetcar which travel on rails and which transports people and property from point to point. Such railroad train or streetcar is properly classified as tangible personal property. An elevator cab and its components could therefore properly be classified as tangible personal property but for the fact that its movements are confined to one building. Under such circumstances, it is not arbitrary, unreasonable or capricious or without reasonable or rational basis in fact for Board to classify an elevator cab and its components as a fixture of the building.[6] It may well be true that the source of power of an elevator cab and the source of power of a railroad train or streetcar[7] is different but that fact does not change the functional characteristics of the different modes of transportation. We conclude that there is no substantial evidence to support a finding that Board, in classifying an elevator cab and its component parts as a fixture and imposing tax accordingly was arbitrary, capricious or that its decision had no reasonable or rational basis. In our view, the trial court substituted its own policy judgment for that of the Board which it had no right to do. Rule 11 as applied to elevator systems is a valid rule. (*Coast Elevator Co.* v. *State Board of Equalization, supra; Gen. Elec. Co.* v. *State Bd. of Equalization,* 111 Cal.App.2d 180 [244 P.2d 427].)

---

[5]An elevator may also be used to descend into the earth as in a mine shaft, but we are concerned here with the use of elevators in buildings.

[6]In *Honeywell, Inc.* v. *State Bd. of Equalization, post,* p. 907 [122 Cal.Rptr. 243], the court pointed out that Board did not create the law of fixture but that by its rule 11, Board was simply attempting to apply the sales tax act under long established legal principles. (See also *Honeywell, Inc.* v. *State Bd. of Equalization, post,* p. 897 [122 Cal.Rptr. 237].)

[7]The source of power of an electric streetcar is not too dissimilar from that of an elevator cab.

The judgment is reversed with directions to the superior court to enter judgment on the complaint in favor of plaintiff Oliver & Williams Elevator Corp., a corporation, in the sum of $5,172.82 with interest at 6 percent per annum from October 17, 1968 until paid and on the supplemental complaint in favor of said plaintiff in the sum of $9,931.69 with interest at 6 percent per annum from April 23, 1971 until paid together with costs of suit.

Stephens, Acting P. J., and Ashby, J., concurred.

A petition for a rehearing was denied July 2, 1975.