[L. A. No. 18692.   In Bank.   Aug. 18, 1944.]

SEASIDE MEMORIAL HOSPITAL OF LONG BEACH (a Nonprofit Corporation), Respondent, v. CALIFORNIA EMPLOYMENT COMMISSION et al., Appellants.

Robert W. Kenny, Attorney General, Clarence A. Linn, Deputy Attorney General, Forrest M. Hill and Doris H. Maier for Appellants.

Musick, Burrell & Pinney, Howard Burrell, Anson B. Jackson, Jr., and Philip C. Jones for Respondent.

Luce, Forward, Lee & Kunzel as Amici Curiae on behalf of Respondent.

GIBSON, C. J.—This is an appeal from a judgment of the superior court granting the application of Seaside Memorial Hospital (herein called petitioner) for a writ of mandate directed to California Employment Commission (herein called appellant). The main issue involved is the same as that considered in *Scripps Memorial Hospital* v. *California Employment Commission, ante,* p. 669 [151 P.2d 109], namely, whether the hospital is exempt from the operation of the California Unemployment Insurance Act (Stats. 1935, p. 1226, as amended; Deering's Gen. Laws, 1937, Act 8780d, as amended) by virtue of the provisions of sections 7(g) or 7(k) thereof.

Petitioner was organized in 1937 as a nonprofit hospital corporation, and all of its assets are devoted to hospital purposes. It treats both charity and pay patients, deriving practically all of its revenue from those who pay. Its facilities are open to any persons without discrimination. None of its revenues are received as profits by any individual. Without reciting in detail the provisions of its articles, or describing the particular activities in which it is engaged, it may be said that the trial court correctly concluded that petitioner is a charitable corporation within the meaning of section 7(g) of the act, and it is likewise within the exemption provisions of section 7(k) of the act. For a discussion of the law, see the opinion in the companion case of *Scripps Memorial Hospital* v. *California Employment Commission, supra.*

There are, however, procedural problems presented by the record herein, as a result of the following circumstances.

From November 1, 1937, to and including March 31, 1939, petitioner paid contributions to appellant, some with and some without protest. Its payment for the third quarter of 1938 was made under protest, accompanied by a claim of exemp-

tion from the terms of the act. In July, 1939, the United States Treasury Department's Bureau of Internal Revenue ruled that petitioner was not subject to taxes under the Federal Social Security Act. Pursuant to this ruling appellant, on application by petitioner, ruled that it was exempt from the operation of the California statute.

In August, 1939, petitioner applied to appellant for a refund of its contributions theretofore made. After protracted consideration, appellant in May, 1940, reversed its former decision and ruled that petitioner was an employer subject to the provisions of the act. On July 15, 1940, petitioner made written protest against this ruling.

On August 28, 1940, claims of certain employees of petitioner, co-respondents herein, for unemployment benefits were heard and denied by the claims deputy, and appeals were taken. While these appeals were pending before the referee, the appellant commission transferred the cases to itself for hearing and consideration.

In January, 1941, a hearing was ordered by appellant on the matter of the assessment of contributions against petitioner, and appellant granted petitioner's request that its application for a refund be considered in connection with that hearing. After various intermediate proceedings, appellant on February 7, 1942, ruled (1) that petitioner was not entitled to exemption from the provisions of the act, nor to any refund of past contributions, and (2) that the co-respondent employees were entitled to unemployment benefits.

In March, 1942, petitioner applied to the Superior Court of Los Angeles County for a writ of mandate to compel appellant to rule that it was exempt from the operation of the act, that it was entitled to a refund of past contributions, and that co-respondents were not entitled to benefits. While this matter was pending in the superior court, appellant applied to the District Court of Appeal, Second District, Division Two, for a writ of prohibition to restrain the superior court from proceeding further. The District Court of Appeal summarily denied the petition by a minute order, and subsequently this court by minute order denied a petition for hearing. Thereafter the superior court rendered its judgment in favor of petitioner, issuing a peremptory writ of mandate as requested.

Section 45.10 of the act, which went into effect September

19, 1939, provides: ''No injunction or writ of mandate or other legal or equitable process shall issue in any suit, action or proceeding, in any court against this State or against any officer thereof to prevent or enjoin under this act the collection of any contribution sought to be collected; but after payment of any such contribution under protest, duly verified and setting forth the grounds of objection to the legality of such contributions, the employer paying such contribution may bring an action against the Unemployment Reserves Commission in any court of competent jurisdiction in the county seat of the county wherein the employer maintains his principal place of business for the recovery of contributions so paid under protest. No such action may be instituted more than sixty days after the payment of such contribution, and failure to bring suit within said sixty days shall constitute waiver of any and all demands against this State on account of any alleged overpayment of contributions hereunder except that such demands may still be prosecuted in accordance with the provisions of section 45.11 of this act. No ground of illegality of the contribution shall be considered by the court other than those set forth in the protest filed at the time of the payment of the contribution. . . .''

It is the contention of appellant that this provision furnishes a proper and exclusive remedy for petitioner, which petitioner was required to exhaust, and that the superior court was without jurisdiction to grant the remedy of mandamus. Petitioner offers a dual answer: (1) the order of the District Court of Appeal denying appellant's application for a writ of prohibition was a determination that the superior court had jurisdiction, which determination is now res judicata; and (2) properly construed and applied to the facts presented by the record herein, section 45.10 is not a bar to the relief sought in the superior court. We have reached the conclusion that the construction of the provision urged by petitioner is correct, and accordingly we rest our decision upon that ground, without expressing any opinion on the question of res judicata.

Section 45.10 is obviously designed to prevent the use of injunctive process against tax collections, and to provide an adequate remedy in lieu thereof—payment of the tax under protest — which would safeguard the employer's interests without interfering with the normal functioning of the act.

The provision seems reasonable, and no attack is made by petitioner on its application to any case coming within its terms. However, the present proceeding does not fall within the statutory language.

■ With respect to the first part of the section, the prohibition is against the use of injunction or other legal or equitable process to prevent the collection of contributions sought to be collected, whereas petitioner is not trying to enjoin or prevent any such collection, but to secure a refund of payments already made. Obviously there cannot be any enjoining or preventing of a payment which has already been made. ■ The second part of this section, which provides for the remedy of a suit within sixty days to recover payments made under protest, is not applicable, by its very terms, because it expressly states that, regardless of a failure to adopt the remedy of an action to recover payments made, "such demands may still be prosecuted in accordance with the provisions of section 45.11 of this act."

Section 45.11 permits an "application for an adjustment" or "for a refund" of contributions if made "not later than three years after the date on which any contributions, penalties, or interest were paid" (the section originally read that the time ran from the date such payments "became due"), and provides that if the commission determines that contributions were erroneously collected "the commission shall allow . . . an adjustment . . . or if such adjustment cannot be made the commission may refund such contributions, penalties and interest from the clearing account." As shown by the facts hereinabove recited, petitioner's original applications for exemption and for refund of contributions paid were made well within the three-year period and were promptly renewed from time to time until the commission made its final ruling on February 7, 1942, that petitioner was not exempt from the provisions of the act and was not entitled to any refund of contributions paid. It thus appears that every necessary administrative step has been taken by petitioner, that the commission has rendered its final decision, and that under section 45.11 it is the duty of the commission to refund the contributions paid, as was ordered by the trial court's judgment herein. The right of petitioner to review by mandamus is therefore clear. (See *Bodinson Mfg. Co.* v. *California Em-*

*ployment Com.,* 17 Cal:2d 321 [109 P.2d 935] ; *cf. Louis Eckert B. Co.* v. *Unemployment R. Com.,* 47 Cal.App.2d 844 [119 P.2d 227], strongly relied upon by appellant, wherein the employer failed to seek a final decision by the commission.)

Since the petitioner is exempt from the operation of the act, it necessarily follows that the trial court was correct in ruling that the co-respondents were not entitled to benefits.

The judgment is affirmed.

Shenk, J., Curtis, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.