PROFESSIONS AND OCCUPATIONS The promulgation of reasonable restrictions on the professional and ethical conduct of the accounting profession is within the delegated regulatory authority of the Oklahoma State Board of Public Accountancy; to the extent that the rules of Ethical Conduct, Rule VIII, Article 502 of the rules of General Application, serve to restrict commercial speech by accounting practitioners to a greater extent than delineated in the United States Supreme Court decision of Bates v. Arizona, 433 U.S. 350,53 L.Ed.2d 810, 97 S.Ct. 2691 (1977), they are an unconstitutional violation of rights guaranteed by theFirst Amendment; the restrictions on accountants' advertising must not prohibit: 1. Advertising in written publication of 2. Routine or Standardized professional services at 3. Fixed Prices geared to 4. Educate or inform the consuming public In light of the Ohralik v. Ohio State Bar decision No. 76-1650, 46 U.S.L.W. 4511 (May 30, 1978), any rule pertaining to in-person solicitation must be applied so as to require consideration by the Board of each fact situation to determine if the solicitation in question constituted vexations conduct likely to cause harm to the solicited party. In these cases, the State has authority to restrict the conduct in question. However, a blanket suppression of personal solicitation by accountants must be declared violative of the Constitution. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: Is Rule VIII, Article 502 of the Rules of General Application of the Oklahoma State Board of Public Accountancy unconstitutional in light of the United States Supreme Court decision of Bates v. State Bar of Arizona, 433 U.S. 350,53 L.Ed.2d 810, 97 S.Ct. 2691 (1977)? Prior to addressing your question, the following statutory authority and rules of law must necessarily be discussed. The Oklahoma State Board of Public Accountancy was created by the legislature and vested with broad administrative and rule-making authority by the Public Accountancy Act of 1968, at 59 O.S. 15.1 [59-15.1] et seq. (1971). The pertinent 59 O.S. 15.5 [59-15.5], reads, in part, as follows: "The Board shall adopt and issue, and from time to time may amend, rules of general application for the administration of this Act and regulating the professional conduct of persons authorized to engage in public accounting, looking to the establishment and maintenance of a high standard of honesty, integrity and proficiency in the profession, and may adopt and issue other rules and regulations as are consonant with the purposes of this Act. . . ." (Emphasis added) It is a well settled rule of law that administrative agencies possess no inherent powers but totally derive their power and authority from constitutional or statutory provisions creating and defining them. 73 C.J.S., Public Administrative Bodies and Procedures, Section 49. With these limitations, the authority of a public administrative body includes the power to make and adopt rules and regulations not inconsistent with the law with respect to matters within its defined area of expertise. 73 C.J.S., Public Administrative Bodies and Procedures, Section 92-93. Also, as a general rule, public administrative officers in exercising administrative powers and performing duties must respect and follow a Court's declaration and interpretation of the law. 73 C.J.S., Public Administrative Bodies and Procedures, 36; Lewis Eckert Brewing Company v. Unemployment Reserves Commission, Cal.,119 P.2d 227. Earlier quoted 59 O.S. 15.5 [59-15.5], contains a broad statutory grant of authority to the State Board of Public Accountancy to regulate the professional conduct of persons authorized to engage in public accounting guided by the statutory standards of maintaining honesty, integrity, and proficiency in the profession. The Board has exercised this authority by promulgating a detailed set of professional practice and ethical conduct standards within their Rules of General Application. Many of these standards are consistent with the National Accounting Principles Board Opinions as published by the American Institute of Certified Public Accountants. Rule VIII, Article 502, sets out the Rules of Ethical Conduct, and addresses the activities of advertising and solicitation of clients by accountancy practitioners. The provisions at issue read as follows: "A registrant shall not seek to obtain clients by solicitation. Advertising is a form of solicitation and is prohibited. "1. Publication in a newspaper, magazine or similar medium of an announcement or what is technically known as a card is prohibited. ". . . "3. A registrant shall not directly or indirectly solicit clients by circulars or advertisements nor by personal communications or interview." You have asked the Attorney General to examine these provisions and determine their constitutionality in light of the recent United States Supreme Court decision of Bates v. State Bar of Arizona, 433 U.S. 350, 53 L.Ed.2d 810, 97 S.Ct. 2691
(1977). Though the Bates decision, supra, concerned a challenge to ethical restrictions placed upon the legal profession by the Arizona Supreme Court, the precedential value of this decision has application to the issue at bar under the principle that administrative officers must follow judicial interpretations of the law in their exercise of regulatory authority. In the Bates, supra, case, the Supreme Court held that a disciplinary rule, promulgated by the State Bar Board of Governors prohibiting commercial advertising, under which two attorneys were convicted for placing a notice in a Phoenix newspaper advertising the operation of their legal clinic and fixed prices for certain routine legal services, was in violation of the free speech clause of theFirst Amendment of the United States Constitution; the decision was based on findings that such disciplinary rule was a blanket suppression of the attorneys' constitutional rights to commercial speech. The Court stated further that the First Amendment affords some protection to speech even though it may be in the form of a paid advertisement since significant societal interests are served by commercial speech, which often carries information serving to inform the public of the availability, nature, and prices of products and services. Advertising, thus, performs an indispensable role in the allocation of resources in a free enterprise system. See, Virginia Pharmacy Board v. Virginia Consumer Council, 425 U.S. 748, 48 L.Ed. 346,96 S.Ct. 1817 (cited therein). The Court further held, however, that, as with other varieties of speech, reasonable restrictions may be placed on the time, place, and manner of advertising legal services and prices. In the Bates, supra, decision, though declaring those particular restrictions on advertising unconstitutional in light of the First Amendment, the Court refused to extend full First Amendment protection to commercial speech withholding application of the overbreadth doctrine, thus, confining the effects of the decision to the four corners of the case. Therefore, to the extent that the specific practices of protected commercial speech, as delineated by the Bates, supra, decision, are restricted by the challenged Rules of Ethical Conduct, such rules must be declared unconstitutional. Specifically, application of the case to the accounting profession prohibits any rule acting as a blanket suppression of: 1. Advertising in written publications of 2. Routine or standardized professional services at 3. Fixed prices geared to 4. Educate or inform the consuming public. These restrictions were specifically held violative of the constitutional First Amendment privileges to commercial speech by professional advertisers and detrimental to the consuming public's need for information about such services. Therefore, using these standards, it is imperative that the Board of Public Accountancy apply its rules in such a way as to avoid these results or revise those promulgating such effects. Specifically, pursuant to its regulatory duties, the Board of Public Accountancy must assist the profession in defining the "routine services" of the field of accounting recognizable to the public which lend themselves to fixed price advertising. To fully explore the consistency of the challenged rules with the law in light of the most recent judicial interpretations thereof, a second United States Supreme Court case should be examined. The constitutionality of solicitation of clients by in-person communication was examined in the recent United States Supreme Court case of Ohralik v. Ohio State Bar Association, No. 76-1650, 46 U.S.L.W. 4511 (May 30, 1978). There, the Supreme Court held that though an attorney's in-person solicitation of remunerative employment is entitled to some First andFourteenth Amendment protection, a state bar association with statutory authority, may constitutionally discipline a lawyer for the personal solicitation of clientele for pecuniary gain, under circumstances likely to pose dangers to the citizenry which the State has a right to prevent. The Court noted that lawyer solicitation of business through direct in-person communication with prospective clients has long been viewed as inconsistent with the profession's ideal of an attorney-client relationship and could pose a significant potential harm to prospective clients. The Court reemphasized there, that the State did not lose its power to regulate commercial activity deemed harmful to the public simply because speech is a component of that activity. To abide by the law of Ohralik, supra, the Board of Public Accountancy must, in the enforcement of Rule VIII, Article 502(3) scrutinize every case of in-person solicitation coming before it under the "potential for public harm" test used in this decision. It should be further noted that both recent Supreme Court cases emphasize the protection of the consuming public as the yardstick for regulation of the conduct of solicitation by professionals. Both held that the procurement of remunerative employment was only marginally affected with First Amendment concerns; paramount was the existence of important State interests to support regulation of the conduct. Aspects of solicitation found to be the subject of legitimate interest and valid regulation by the State were those involving fraud, undue influence, intimidation, overreaching, and similar vexatious conduct. Your question may, therefore, be answered in the affirmative. To the extent that the challenged rules violate the standards of constitutional regulation permissible as set forth within the four corners of Bates, supra, and Ohralik, supra, or are interpreted as a general Board policy violative of the standards, they must be declared unconstitutional. It is, therefore, the opinion of the Attorney General that your question be answered as follows: The promulgation of reasonable restrictions on the professional and ethical conduct of the accounting profession is within the delegated regulatory authority of the Oklahoma Board of Public Accountancy; to the extent that the Rules of Ethical Conduct, Rule VIII, Article 502 of the Rules of General Application, serve to restrict commercial speech by accounting practitioners to a greater extent than delineated in the United States Supreme Court decision of Bates v. Arizona, 433 U.S. 350, 53 L.Ed.2d 810,97 S.Ct. 2691, 1977, they are an unconstitutional violation of rights guaranteed by the First Amendment; the restrictions on accountants' advertising must not prohibit 1. Advertising in written publications of 2. Routine or standardized professional services at 3. Fixed prices geared to 4. Educate or inform the consuming public. In light of the Ohralik v. Ohio State Bar decision, No. 76-1650, 46 U.S.L.W. 4511 (May 30, 1978), any rule pertaining to in-person solicitation must be applied so as to require consideration by the Board of each fact situation to determine if the solicitation in question constituted vexatious conduct likely to cause harm to the solicited party. In these cases, the State has authority to restrict the conduct in question. However, a blanket suppression of personal solicitation by accountants must be declared violative of the Constitution. (CATHERINE GATCHELL NAIFEH) (ksg)