[Civ. Nos. 37971, 37706. Second Dist., Div. Five. Jan. 26, 1972.]

MISSION PAK COMPANY et al., Plaintiffs and Appellants, v. STATE BOARD OF EQUALIZATION, Defendant and Respondent.

(Consolidated Appeals.)

**COUNSEL**

Hindin & Hindin and Maurice J. Hindin for Plaintiffs and Appellants.

Evelle J. Younger, Attorney General, Philip C. Griffin and Mark W. Jordan, Deputy Attorneys General, for Defendant and Respondent.

**OPINION**

**STEPHENS, J.**—For a number of years prior to August 12, 1963, Mission Pak, Inc., was in the business of processing and manufacturing certain fruit

products, the retail selling of processed fruit products, and the retail selling of fresh fruits. During this time Mission Pak, Inc., paid certain sales and use taxes which were assessed against it as a consequence of a law which required such taxes to be paid on "candy or confectionery" (Rev. & Tax. Code, § 6359) and State Board of Equalization Ruling 52 (tit. 18, Cal. Admin. Code, § 2002)[1] which determined that "candy or confectionery . . . includes . . . candied fruits, crystallized fruits and glace fruits [and] preparations of fruits . . . with . . . sugar."

On August 12, 1963, by virtue of certain transfers, Mission Pak Company became the successor in interest to Mission Pak, Inc., and continued to operate the same type of business previously conducted by Mission Pak, Inc. As a consequence of this change in interest, the State Board of Equalization conducted an audit and determined the transfer in interest to have been a retail sale subject to the aforementioned sales and use taxes in the amount of $19,720.97. Plaintiff[2] paid the tax under protest, exhausted its administrative appeals, and filed an action for refund in Superior Court of Los Angeles County (No. 909295). In plaintiff's words, the "gravamen of the dispute turned on the determination by the defendant that plaintiff's products were a candy or confection and thus were not exempt from sales taxes."

In addition, during April 1967, the State Board of Equalization conducted a field audit of plaintiff's business and determined, among other things, that plaintiff owed certain sales and use taxes on plaintiff's sale of its processed fruits, and on plaintiff's use of certain catalogs purchased by plaintiff from sellers in another state. Plaintiff paid the assessed taxes under protest, exhausted its administrative appeals, and filed an action for refund in the Superior Court of Los Angeles County (No. 942286).

On May 14, 1970, judgments were entered against plaintiff in both of its superior court actions. On June 9, 1970, plaintiff was adjudicated bankrupt, and Irving Sulmeyer, as trustee in bankruptcy, succeeded to plaintiff's rights of appeal. It was through this chronology of events that the two superior court judgments came to be consolidated for appeal.

 Plaintiff has at all times contended that the product in question, its glacéed fruit, was a fruit or fruit product, or alternatively, a sugar or sugar product, but not a "candy or confectionery," and was therefore exempt from tax. Conversely, defendant Board of Equalization has contended that this product was a "candy or confectionery," and therefore

---

[1] Hereinafter referred to as Ruling 52.

[2] When used in the singular, "plaintiff" shall refer to the successor in interest, Mission Pak Company.

taxable. Plaintiff bases its contention on the following language in Revenue and Taxation Code section 6359, which provides an exemption from the sales tax liability assessable under Revenue and Taxation Code section 6203: "There are exempted from the taxes imposed by this part the gross receipts from the sale of and the storage, use, or other consumption in this State of food products for human consumption.

" 'Food products' include . . . fruit and fruit products . . . sugar and sugar products other than candy or confectionery." The terms "fruit and fruit products," "sugar and sugar products" and "candy or confectionery" as used in the Revenue and Taxation Code are not defined by statute. The Board of Equalization adopted administrative rules relative to what constitutes "candy and confectionery" in Ruling 52 (tit. 2002(b), Cal. Admin. Code),[3] which states in pertinent part: "Tax applies to sales of candy and confectionery, which includes chocolate-coated nuts, candied fruit, crystallized fruit and glace fruits. Preparations of fruits . . . in combination with chocolate, sugar, honey, candy, or other confectionery, unless sold for cooking purposes, are not food products within the meaning of section 6359. The method used in packaging and distributing these preparations, including the kind and size of container used, will be considered in determining the primary use for which these preparations are sold."

Plaintiff poses two questions on appeal: (1) "Is Board of Equalization administrative rule 52 invalid as being without authority of or repugnant to provisions of Revenue & Taxation Code Section 6359?"; (2) "Is the finding of the trial court that the product of the Plaintiff heretofore determined administratively for sales tax purposes to be a 'candy or confection' (and not exempt from sales taxes) supported as a matter of law by competent evidence, or is it a 'fruit or fruit product,' or alternatively, a 'sugar or sugar product' (and thus exempt from sales taxes)?"

■ In regard to the first contention, we recognize that the "final responsibility for the interpretation of the law [Rev. & Tax. Code, § 6359] rests with the courts" (*Whitcomb Hotel, Inc.* v. *Cal. Emp. Com.*, 24 Cal.2d 753, 757 [151 P.2d 233, 155 A.L.R. 405]), and that the validity of Ruling 52 depends wholly upon whether it is "consistent and not in conflict with

---

[3]This administrative definition was determined pursuant to the authority provided to defendant under Revenue and Taxation Code section 7051: "The board shall enforce the provisions of this part [Sales and Use Taxes] and may prescribe, adopt, and enforce rules and regulations relating to the administration and enforcement of this part. The board may prescribe the extent to which any ruling or regulation shall be applied without retroactive effect."

the statute [§ 6359] and reasonably necessary to effectuate the purpose of the statute" (Gov. Code, § 11374). However, in making this determination, "the construction of a statute by officials charged with its administration . . . is entitled to great weight" (*Morris* v. *Williams*, 67 Cal.2d 733, 748 [63 Cal.Rptr. 689, 433 P.2d 697]), and "if there appears to be some reasonable basis for the classification, a court will not substitute its judgment for that of the administrative body" (*Rible* v. *Hughes*, 24 Cal.2d 437, 445 [150 P.2d 455, 154 A.L.R. 137]). ■ "[T]he court should not substitute its judgment for that of an administrative agency which acts in a quasi-legislative capacity. . . . [A court] will not, therefore, superimpose its own policy judgment upon the agency in the absence of an arbitrary and capricious decision." (*Pitts* v. *Perluss*, 58 Cal.2d 824, 832 [27 Cal.Rptr. 19, 377 P.2d 83]; see also *Ralphs Grocery Co.* v. *Reimel*, 69 Cal.2d 172, 179 [70 Cal.Rptr. 407, 444 P.2d 79].) "If reasonable minds may well be divided as to the wisdom of an administrative board's action, its action is conclusive." (*Rible* v. *Hughes, supra,* at p. 445.) ■ In addition, Ruling 52 "comes before the court with a presumption of correctness and regularity, which places the burden of demonstrating invalidity upon the assailant [Fn. omitted]." (*California Assn. of Nursing Homes etc., Inc.* v. *Williams*, 4 Cal.App.3d 800, 810 [84 Cal.Rptr. 590, 85 Cal. Rptr. 735].)

■ One test for determining the reasonableness of an administrative ruling is set out in *Cozad* v. *Board of Chiropractic Examiners*, 153 Cal. App.2d 249, 258 [314 P.2d 500]: "That is certain which can be made certain by simple reference to the dictionary, and where, as here, the words used in the rule or regulation sought to be invalidated have meanings which do not conflict with the statute, an appellate tribunal will presume that they were used in the sense which complies with and does not violate the statute." ■ Applying this test, Webster's Third New International Dictionary (1966) gives one definition of "*confection*" as: "*a preparation of fruits . . . with sugar*" (italics added). Since Ruling 52 defines confection, in part, as "[p]reparations of fruits . . . with . . . sugar," it would seem that Ruling 52 meets the test set out in *Cozad*.

Another recognized test for determining the reasonableness of an administrative ruling is set out in *Coca-Cola Co.* v. *State Bd. of Equalization*, 25 Cal.2d 918, 922 [156 P.2d 1]: "[Where the] Legislature has frequently amended the [statute in question] which, among other things, defines [the terms in question, it] may be presumed that these amendments were made with full knowledge of the construction which had been placed upon the statute by the Board of Equalization, [and where] there was no modification of the legislation which would require a contrary interpretation, [then this]

is a factor that may be considered in determining the meaning of the terms intended by the Legislature." Applying this test, Revenue and Taxation Code section 6359 was amended four times subsequent to the codification of Ruling 52 in 1945 and prior to the instigation of this litigation, and at no time did the Legislature modify the definition of "candy or confectionery."

■ Still another recognized test for determining the reasonableness of an administrative ruling is set out in *Cal. M. Express* v. *St. Bd. of Equalization*, 133 Cal.App.2d 237, 240 [283 P.2d 1063]: "Failure of any interested party to challenge the board's construction over many years is a factor entitled to much weight. 'Not lightly vacated is the verdict of quiescent years.' (Cardozo, J., in *Coler* v. *Corn Exchange Bank*, 250 N.Y. 136 [164 N.E. 882, 884, 65 A.L.R. 879].)" ■ Applying this test, the record shows that the predecessor company Mission Pak, Inc., had paid taxes on their identical type products for some 25 years without protest.

Therefore, since in deciding a particular application of any statute a court may give great weight to a reasonable interpretation of that statute by the officials charged with its administration, and since the interpretation of Revenue and Taxation Code section 6359 by the State Board of Equalization Ruling 52 appears to meet the tests of reasonableness set out in *Cozad* v. *Board of Chiropractic Examiners, supra, Coca-Cola Co.* v. *State Bd. of Equalization, supra,* and *Cal. M. Express* v. *St. Bd. of Equalization, supra,* we believe that the trial court committed no error in upholding the validity of Ruling 52.

■ Plaintiff's second contention claims a lack of competent evidence at trial upon which the court could have properly based a finding that plaintiff's products were "candy or confectionery." We believe that evidence adduced at the trial amply supports the court's conclusion. That evidence includes plaintiff's own admission: "It is also admitted that a method used in processing said fruit products consists of certain steps which include boiling the fruit in water for twelve (12) minutes, removing the fruit from the water and placing the fruit in a pan with corn syrup and liquid sugar, together with other ingredients which are placed in a pan in measurable quantities and varied with the particular fruit, boiling the mixture for three (3) minutes in the pan, repeating this process several times until the syrup reaches a predetermined density, pouring off the syrup and packing the fruit in a box covered with cellophane." As a result of this process, this product became one constituted of approximately 80 percent sugar, and the purpose of the processing was to increase the sugar content of the fruit to a specified density. In no fair rationale can it be said that the product

constituted only a fruit or fruit product, or only a sugar or sugar product; as a result of the processing method of combining the fruit *and* the sugar, the product became a confectionery. Certainly this is ample evidence upon which the court could properly base a finding that plaintiff's products were "preparations of fruit in combination with sugar," and when there is added the fact of packaging similarity to candy or confectionery packaging, it was reasonable to classify the product as a taxable confectionery.

The judgment is affirmed.

Kaus, P. J., and Reppy, J., concurred.