[Civ. No. 42200. Second Dist., Div. Three. Mar. 28, 1974.]

L.A.J., INC., Plaintiff and Respondent, v.
STATE BOARD OF EQUALIZATION, Defendant and Appellant.

550

## COUNSEL

Evelle J. Younger, Attorney General, and Mark W. Jordan, Deputy Attorney General, for Defendant and Appellant.

Low & Stone and Frederick D. Booke for Plaintiff and Respondent.

## OPINION

**LORING, J.**\*—L.A.J., Inc., doing business as Miller Carpet Company, filed a complaint against the State Board of Equalization of the State of California for refund of state sales taxes paid under protest in the sum of $2,723.84, plus interest or, in the alternative, for the sum of $872.92, plus interest. After a nonjury trial, the court signed findings of fact and conclusions of law and judgment in favor of plaintiff in the sum of $872.92, plus interest. Defendant appeals from the judgment.

### Contentions

Appellant contends:

1) The findings are insufficient to support the judgment;

2) The court should not have disturbed the determination by the board

---

*Assigned by the Chairman of the Judicial Council.

that the drapes should be classified as tangible personal property rather than as fixtures;

3) The classification by the board was reasonable, and respondent did not make the required showing to overcome the board's classification.

## Facts

The parties entered into a stipulation of facts in which they agreed that the primary business of L.A.J., Inc., was the sale and installation of carpets but that it also sold and installed custom drapes to builders of apartment houses pursuant to lump sum contracts which were broken down as follows during the period in dispute which was April 1, 1962 through September 31, 1963:

| Materials and fabrics | $35,512.00 |
| Labor | 54,539.00 |
| Profit | 21,823.00 |

As installed, the drapes consisted of materials, fabrics and hardware. The drapes were attached to traverse rods which were held in place by brackets secured (by screws) to the walls. The drapes could be removed from the rods for cleaning and other purposes. The board assessed a deficiency sales tax on the basis that the drapes (excluding the brackets and cost of labor for installation) were tangible personal property. (Under this view, the drapes were tangible personal property and the tax would be measured by the total sales price, excluding costs of brackets and cost of labor for installation.) The taxpayer claims the drapes were fixtures. (Under this view, only the cost of the material used in the drapes would be subject to sales tax.) The trial court concluded that it could consider the questions de novo without relying on the board's classification,[1] and further concluded that the drapes "were fixtures to the realty as defined in Title 18, Adm. Code, § 1921 (a)(4)" and that under "Title 18, Adm. Code, § 1921 (c) the [sales] tax is applicable to cost of (1) the fixture to plaintiff, and (2) labor less installation."

## Discussion

■■■ This appeal presents a narrow question of law—not a question of fact. The question is not whether installed drapes are tangible property

---

[1] In its conclusions of law the court concluded: "1. The issues in an action for refund by a taxpayer against the State Board of Equalization are heard *de novo* by the court, and the court is not bound by determinations of the Board or confined by any standard of review other than preponderance of the evidence."

or fixtures, in whole or in part, but whether the trial court had the right to consider the question de novo and to refuse to follow the classification of the board which in effect had determined that the finished drapes were tangible personal property. We conclude that the trial court had no such authority, and in the absence of a finding by it that the classification by the board was arbitrary or capricious, or had no reasonable or rational basis, the court had no authority to refuse to follow the board's classification and consider the question of classification de novo. The court refused to make a finding as requested by the taxpayer that "the classification of drapes [by the board] as tangible personal property . . . is arbitrary, unreasonable and illegal." The court made no comparable finding.

The board adopted ruling 11 which covered the taxability of materials and fixtures used in construction contracts. Drapes did not come within the scope of such classification and therefore were classified as tangible personal property. ■ · The board has statutory authorization to adopt rules and regulations to enforce the sales and use tax (Rev. & Tax. Code, §§ 7051, 7052) and rule 11 has been held to be a valid exercise of the board's rule-making power. (See *Gen. Elec. Co.* v. *State Bd. of Equalization,* 111 Cal.App.2d 180, 186-188 [244 P.2d 427].)

In *Henry's Restaurants of Pomona, Inc.* v. *State Bd. of Equalization,* 30 Cal.App.3d 1009 [106 Cal.Rptr. 867], the court was concerned with the validity of the board's regulations defining "bulk sales" of food as distinguished from "food ordinarily sold for immediate consumption." The board's regulations were upheld. The court said (30 Cal.App.3d at pp. 1020-1021): "The Legislature has delegated to the board the duty of enforcing the sales tax law, and the authority to prescribe and adopt rules and regulations. (Rev. & Tax. Code, §§ 7051, 7052.)

"Such delegation is proper even though it confers some degree of discretion on the administrative body. So long as that discretion is executed within the scope of the controlling statute, it will not be disturbed by the courts. . . .

"In sum, neither the regulation nor the various formulae to identify 'bulk sales' can be characterized as arbitrary, capricious or patently unreasonable. Thus the weight of the authorities enjoins any further incursion by the court into the board's exercise of the authority delegated to it by the Legislature. [Citations.]"

In *Mission Pak Co.* v. *State Bd. of Equalization,* 23 Cal.App.3d 120 [100 Cal.Rptr. 69], the court was required to determine whether the board's classification of glazed fruit (sold primarily at Christmas time) as

a "candy or confectionery" was proper or whether it should be classified as "fruit or fruit products" and therefore tax exempt by the taxpayer. The court, in upholding the board's classification of the glazed fruit as candy or confectionery said (23 Cal.App.3d at pp. 124-125): "In regard to the first contention, we recognize that the 'final responsibility for the interpretation of the law [Rev. & Tax. Code, § 6359] rests with the courts' (*Whitcomb Hotel, Inc.* v. *Cal. Emp. Com.,* 24 Cal.2d 753, 757 [151 P.2d 233, 155 A.L.R. 405]), and that the validity of Ruling 52 depends wholly upon whether it is 'consistent and not in conflict with the statute [§ 6359] and reasonably necessary to effectuate the purpose of the statute' (Gov. Code, § 11374). However, in making this determination, 'the construction of a statute by officials charged with its administration . . . is entitled to great weight' (*Morris* v. *Williams,* 67 Cal.2d 733, 748 [63 Cal.Rptr. 689, 433 P.2d 697]), and 'if there appears to be some reasonable basis for the classification, a court will not substitute its judgment for that of the administrative body' (*Rible* v. *Hughes,* 24 Cal.2d 437, 445 [150 P.2d 455, 154 A.L.R. 137]). '[T]he court should not substitute its judgment for that of an administrative agency which acts in a quasi-legislative capacity. . . . [A court] will not, therefore, superimpose its own policy judgment upon the agency in the absence of an arbitrary and capricious decision.' (*Pitts* v. *Perluss,* 58 Cal.2d 824, 832 [27 Cal.Rptr. 19, 377 P.2d 83]; see also *Ralphs Grocery Co.* v. *Reimel,* 69 Cal.2d 172, 179 [70 Cal.Rptr. 407, 444 P.2d 79].) 'If reasonable minds may well be divided as to the wisdom of an administrative board's action, its action is conclusive.' (*Rible* v. *Hughes, supra,* at p. 445.) In addition, Ruling 52 'comes before the court with a presumption of correctness and regularity, which places the burden of demonstrating invalidity upon the assailant [Fn. omitted].' [Citation.]"

Such statutes do not violate federal constitutional standards. (*Dandridge* v. *Williams* (1970) 397 U.S. 471, 485-487 [25 L.Ed2d 491, 501-503, 90 S.Ct. 1153]; *Carmichael* v. *Southern Coal Co.* (1937) 301 U.S. 495, 509-510 [81 L.Ed. 1245, 1252-1253, 57 S.Ct. 868, 109 A.L.R. 1327]; *Romero* v. *Hodgson* (N.D.Cal. 1970) 319 F.Supp. 1201, 1202, aff. 403 U.S. 901 [29 L.Ed.2d 678, 91 S.Ct. 2215].)

The evidence before the court below was either by stipulation or by witnesses who testified without contradiction. Under such circumstances the appellate court can resolve the issues raised. (*Montgomery Ward & Co.* v. *State Bd. of Equalization,* 272 Cal.App.2d 728, 734 [78 Cal.Rptr. 373]; *Automatic Canteen Co.* v. *State Board of Equalization,* 238 Cal.App.2d 372, 381 [47 Cal.Rptr. 848].) The burden of proof in a suit for refund of taxes is on the taxpayer. (*People* v. *Schwartz,* 31

Cal.2d 59, 64 [187 P.2d 12].) If there appears to be some reasonable basis for the board's classification a court will not substitute its judgment for that of the administrative body. (*Rible* v. *Hughes,* 24 Cal.2d 437, 445 [150 P.2d 455, 154 A.L.R. 137]; *Henry's Restaurants of Pomona, Inc.* v. *State Bd. of Equalization, supra,* 30 Cal.App.3d 1009, 1020-1021.) The uncontradicted testimony of Ed Stetsen, tax counsel for the board for over 30 years, demonstrates that there was a reasonable basis for the board's classification. There is no evidentiary basis for finding that the board's classification was arbitrary, capricious or unsupported by any rational or reasonable basis. Under such circumstances the taxpayer failed to carry its burden of proof and the trial court should have entered judgment for the board.

Judgment is reversed with directions to the trial court to enter judgment for the defendant, that plaintiff take nothing by its complaint, and for costs of suit to defendant.

Allport, Acting P. J., and Cobey, J., concurred.

A petition for a rehearing was denied April 16, 1974, and respondent's petition for a hearing by the Supreme Court was denied May 22, 1974.