**In the Matter of Joyce Arbutus LENK, Debtor.**

**Matthew Arthur VENNE, Adrian Arthur Venne and Rosemary Ellen Venne, Plaintiffs,**

v.

**Joyce Arbutus LENK, Defendant.**

**Adv. No. 84–0003–7.**

United States Bankruptcy Court, W.D. Wisconsin.

Nov. 30, 1984.

Keith Kostecke, Jerome A. Maeder, S.C. Law Offices, Wausau, Wis., for plaintiffs.

Carlton Roffa, Hales Corners, Wis., for defendant.

## DECISION

ROBERT D. MARTIN, Bankruptcy Judge.

Debtor's minor son, David Lenk, was involved in an accident with the plaintiffs while driving an uninsured recreational motor vehicle owned by his father, Delmar Lenk on July 10, 1979. On July 7, 1980 the plaintiffs brought a negligence action against son and father. Neither of the Lenks had liability insurance which covered this accident. Pursuant to the Wisconsin Financial Responsibility Law, WIS.STAT. ch. 344 (1981–82), the Secretary of Transportation required Delmar Lenk to deposit $13,250.00 against payment of any possible judgment in favor of plaintiffs or forfeit his drivers license.

To fund the required deposit Delmar Lenk and the debtor, as his wife, mortgaged their homestead, owned as joint tenants, to Park City Credit Union of Tomahawk, Wisconsin, on May 27, 1980. Sometime between executing the mortgage and March 24, 1981, Delmar Lenk died. On March 24, 1981 the debtor obtained a termination of joint tenancy of the homestead. On April 16, 1982 Thorp Finance Corporation, holder of a second mortgage on the debtor's homestead, obtained a judgment of foreclosure and the homestead was sold at public auction on November 30, 1982. On November 22, 1983 the debtor filed her bankruptcy petition claiming the $13,250.00 deposit at the Department of Transportation as exempt homestead proceeds. The trustee did not object to the exemption.

On January 17, 1984 the plaintiffs obtained a default judgment against the insolvent estate of Delmar Lenk, David Lenk having been voluntarily dismissed as a party defendant. Plaintiffs now seek to be paid from the money deposited by Delmar Lenk and the debtor with the Department of Transportation. The debtor objects that the fund was property of the bankruptcy estate as defined at 11 U.S.C. § 541, and subject to her claim of exemption. Plaintiffs contend that the money placed with

the Department of Transportation is a trust fund held by the department for the benefit of the plaintiff and, their claim having been reduced to judgment, is not property of the estate under section 541.

The plaintiffs place primary reliance upon *Selby v. Ford Motor Co.*, 590 F.2d 642 (6th Cir.1979). In *Selby* the debtor, a general contractor, authorized Ford Motor Co. to pay his subcontractors directly out of funds owed him. After the debtor filed in bankruptcy the trustee challenged the payments as preferences. The Sixth Circuit held that the money owed by Ford was the corpus of a statutory trust for the subcontractors under the Michigan Builders Trust Fund Act, and that the debtor did not have sufficient beneficial interest in "funds impressed with the statutory trust to constitute his 'property' under the Bankruptcy Act." 590 F.2d at 644. The Michigan Builders Trust Fund Act explicitly created statutory trusts.

The Wisconsin Financial Responsibility Law requires deposits of security from "the operator and owner of every motor vehicle ... involved in an accident ... which has resulted in bodily injury to or death of any person or damage to property of any other person in excess of $500." WIS.STAT. § 344.12. "The secretary ... shall determine ... the amount of security which is sufficient in the secretary's judgment to satisfy any judgment for damages resulting from such accident which may be recovered against either operator or owner of the vehicles involved in such accident." WIS.STAT. § 344.13(1).

■ The effect and intent of the Wisconsin Financial Responsibility Law is to create a trust, even though the statute does not explicitly refer to a "trust fund" or state that deposits will be "held in trust." Courts will find a trust exists "when a state statute defines the relationship as a trust, when the relationship has the typical attributes of a trust or when the contract expressly creates a trust." *In Re Talcott*, 29 B.R. 874, 878 (Bankr.D.Kan. 1983). Generally, to create a valid trust a settlor conveys property to a trustee with the intention that the trustee will hold the property for a beneficiary. *Hoffmann v. Wausau Concrete Co.*, 58 Wis.2d 472 (1973). The "deposit" given to the Department of Transportation by the Lenks clearly has the "typical attributes" of a trust. The Lenks were the settlors, the Wisconsin Department of Transportation the trustee, and the plaintiffs the beneficiaries. The trust property was the $13,250.00 deposited by the Lenks.

■ The intention to create a trust is implicit in the Wisconsin Financial Responsibility Law. The coherent feature of a statutory trust is the absence of a "trust agreement." *In Re Kawczynski*, 442 F.Supp. 413, 416 (1977). The terms of the trust are rather supplied by the statute itself. The language used in a statute does not determine absolutely whether compliance with it creates a statutory trust, *Davis v. Aetna*, 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393 (1954), and a statute need not contain the words "trust," "trust funds" or "held in trust" in order to create a statutory trust, *In Re Romero*, 535 F.2d 618 (10th Cir.1976). However,

> [i]f the intention is that the money shall be kept or used as a separate fund for the benefit of the payor or a third person, a trust is created. If the intention is that the person receiving the money shall have unrestricted use thereof, being liable to pay a similar amount whether with or without interest to the payor or a third person, a debt [or deposit] is created.

*In Re Pehkonen*, 15 B.R. 577, 581 (Bankr. N.D.Iowa 1981).

■ The Lenks had no control over the funds deposited with the Department of Transportation. The department served as trustee and had control over the funds which were being held for a single purpose, the benefit of the plaintiffs. The debtor has no "legal or equitable" interest in the funds, unless there was a determination of no liability on the part of Delmar Lenk. An opposite determination was made by the state court. As such the trust funds

are not the property of the debtor's estate under section 541.

Upon the foregoing which constitute my findings of fact and conclusions of law, it is

ORDERED that plaintiffs' complaint for relief from automatic stay to recover funds on deposit with the Department of Transportation is granted.