In the Matter of Joyce Arbutus LENK, Debtor.

Matthew Arthur VENNE, Adrian Arthur Venne, and Rosemary Ellen Venne, Plaintiffs,

v.

Joyce Arbutus LENK, Defendant.

Bankruptcy No. MM7–83–01920.

No. 85–C–147–S.

United States District Court, W.D. Wisconsin.

April 29, 1985.

Keith Kostecke, Wausau, Wis., for plaintiffs.

Carlton Roffa, Hales Corners, Wis., for defendant.

## ORDER

SHABAZ, District Judge.

This is an appeal from a decision and order of the United States Bankruptcy Court for the Western District of Wisconsin, the Hon. Robert D. Martin, Bankruptcy Judge, presiding. The order of November 30, 1984 allowed the plaintiffs to recover funds in the amount of $13,250 which were previously deposited with the Wisconsin Department of Transportation. 44 B.R. 814.

The facts as found by the Bankruptcy Court are not in dispute, and will be summarily recited as follows:

David Lenk, the minor son of the debtor, was involved in an accident while he was driving an uninsured motor vehicle owned by his father, Delmar Lenk, who is now deceased. The accident occurred on July 10, 1979. On May 27, 1980, the debtor and her husband mortgaged their homestead to Park City Credit Union, of Tomahawk, Wisconsin, and deposited with the Secretary of Transportation the proceeds of that mortgage in the amount of $13,250.

On July 7, 1980, the plaintiffs Matthew Arthur Venee, Adrian Arthur Venne and Rosemary Ellen Venne brought a negligence action against Delmar Long and his minor son David.

Sometime prior to March 24, 1981, Delmar Lenk died. On March 24, 1981 his

widow, the debtor Joyce Arbutus Lenk, obtained a certificate of termination of joint tenancy for that homestead which they had previously mortgaged as joint tenants to obtain the $13,250 deposit which was made to the Department of Transportation.

On April 16, 1982, Thorp Finance Corporation, the holder of a second mortgage on the debtor's homestead, obtained a judgment of foreclosure, and the homestead was sold at public auction on November 30, 1982.

On November 22, 1983, the debtor filed her bankruptcy petition, claiming the $13,250 deposit at the Department of Transportation as exempt homestead proceeds. The trustee did not object to this exemption.

Chapter 344 of the Wisconsin Statutes has been cited as the Safety Responsibility Law.

Wis.Stat. § 344.13 states in part:

The secretary after receipt of a report of an accident of the type specified in s. 344.12 shall determine, with respect to such accident, the amount of security which is sufficient in the secretary's judgment to satisfy any judgment for damages resulting from such accident which may be recovered against either operator or owner of the vehicles involved in such accident.

Wis.Stat. § 344.20 provides for the custody, disposition, and return of those security deposits which may be directed by the Secretary pursuant to the Safety Responsibility Law. Under certain conditions, the deposit or any balance thereof shall be returned to the depositor or the personal representative of the depositor under those conditions which are set forth at Wis.Stat. § 344.20(3)(a), (b) and (c).

(b) The deposit or any balance thereof shall be returned when evidence satisfactory to the Secretary has been filed that one of the contingencies ... has occurred.

Briefly stated, in order to continue one's driving privileges, an uninsured motorist must deposit funds with the Secretary of the Department of Transportation to compensate damaged parties. In order not to forfeit his driving privileges, Delmar Lenk, now deceased, made the appropriate deposit.

On January 17, 1984, the plaintiffs obtained a default judgment against the insolvent estate of Delmar Lenk, his son David having been voluntarily dismissed as a party defendant. The Court must also accept as true the additional fact set forth in the responsive brief of appellee that the defendant Joyce Arbutus Lenk permitted the plaintiff to take default judgment in the Lincoln County Circuit Court, having expressed her intent to permit the plaintiffs to do so prior to the filing of her bankruptcy petition.

This additional fact is uncontested, the appellant having failed to file a reply brief, which was due on April 15, 1985.

■ The plaintiffs commenced their action in Bankruptcy Court to obtain the money deposited by Delmar Lenk and the debtor with the Department of Transportation. The debtor objected, alleging the fund to be the property of the bankruptcy estate as defined in 11 U.S.C. § 541, and that it was exempt to her. The plaintiffs-appellees contend that the money placed with the Department of Transportation is a trust fund and is not the property of the estate under § 541. The Bankruptcy Judge determined that the funds were not a part of the bankruptcy estate, and his decision and order is affirmed.

A statutory lien, on the other hand, is not effective against the claims of the trustee in bankruptcy unless it is perfected prior to the filing of the petition in bankruptcy. The lien is not perfected if, under state law, a bona fide purchaser would receive title superior to the lienholder upon transfer of the assets subject to the lien. A lien must be perfected by timely filing and adequate notice, and the time of perfection is defined by state statutory and case law. Statutory trusts, however, arise automatically. No notice or filing is required, and perfection is beside the point. Under trust

fund theory, a subcontractor's beneficial interest arises when the owner pays the building contract fund, even though a subcontractor cannot bring suit until the general contractor fails to pay a "matured" debt.

*Selby v. Ford Motor Co.*, 590 F.2d 642 (6th Cir.1979).

This trust created by the Wisconsin Safety Responsibility Law arises by virtue of the statute. The injured party's beneficial interest arises when the owner or driver of an uninsured vehicle deposits an appropriate amount with the Secretary of the Department of Transportation.

We draw support for our position from the new Bankruptcy Act, as well. The new Act, signed by the President on November 6, 1978, expressly recognizes trust interests created under state law. Section 541, the "property" section of the new law, provides that the bankruptcy estate shall include "all legal and equitable interests of the debtor in property." But it limits the interests of the trustee in bankruptcy to the debtor's interest in the trust. According to § 541(c)(2), "a restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case" in bankruptcy.

In addition, the Senate Report on the new Bankruptcy Act and the statements of the floor managers of the Act in both the House and the Senate demonstrate that the Bankruptcy Act "will not affect various statutory provisions ... that create a trust fund for the benefit of a creditor of the debtor." The Senate Report and the floor managers cite several examples of statutory trust funds. They cite statutes impressing a trust on withholding and other taxes in the hands of the employer or person who collects the tax for state or federal governments. They also cite the federal statutory trust created in favor of farmers who sell livestock to meat packers under the Packers and Stockyards Act § 206, 7 U.S.C. § 196 (1976). The legislative purpose is clear. Statutory trust funds are not the property of the debtor and are not subject to the statutory lien (§ 545) and prefence (§ 547) provisions of the new Act.

*Selby, supra.*

Again, as in *Selby*, this statutory trust fund is not the property of the debtor and accordingly the appellant Joyce Arbutus Lenk cannot prevail.

There is a further rather lengthy discussion concerning trust property which is not a part of the bankruptcy estate *In re Talcott*, 29 B.R. 874 (Bankr.D.Kansas 1983):

Courts will find the requisite express or technical trust when a state statute defines the relationship as a trust, when the relationship has the typical attributes of a trust or when the contract expressly creates a trust.

*In re Pehkonen*, 15 B.R. 577 (Bankr.Iowa 1981):

A trust fund may be distinguished from a debt in the following manner:

If the intention is that the money shall be kept or used as a separate fund for the benefit of the payor or a third person, a trust is created. If the intention is that the person receiving the money shall have the unrestricted use thereof, being liable to pay a similar amount whether with or without interest to the payor or to a third person, a debt is created.

*Restatement (Second) of Trusts*, § 12g (1959)

A literal reading of Wis.Stats. § 344.13 readily indicates that the money shall be kept or used as a separate fund to satisfy any judgment for damages which may be recovered against either the owner or operator of uninsured vehicles. The Department Secretary does not have the unrestricted use of the deposit, and is to have it paid only to judgment creditors who prevail.

Under the trust fund theory, plaintiff's beneficial interest arose when the debtor and her deceased husband paid the $13,250 to the Secretary of the Department of Transportation even though legal action

was not as yet commenced, and the amount of the judgment to which plaintiffs were entitled had not as yet been determined.

 Property which is held in trust is not property of the estate. The facts herein presented are sufficient for this Court to impose a statutory trust upon the funds previously deposited by the debtor and her husband. The Department of Transportation had control of the funds. It serves as trustee of the funds and holds them for a single purpose, for the benefit of these plaintiffs and generally for those others who prevail in an action commenced against an uninsured motorist. As determined by the Bankruptcy Judge, the debtor has no "legal or equitable" interest in the funds. Unless, of course, there is a determination of diminished damage or no liability. That determination, however, was made by the Circuit Court for Lincoln County.

The debtor argues that the taking of default judgment against the insolvent estate of the deceased Delmar Lenk was a violation of the automatic stay which was in effect at the time of the filing of the debtor's petition.

This alleged violation, however, is not before this Court and should have been addressed to either the attention of the Circuit Court for Lincoln County, where judgment was entered, or to the Bankruptcy Court. The mere allegation of a violation of an automatic stay order is insufficient to be considered by this Court. It would appear that this objection was not timely raised in either of the two courts and was expressly waived by the debtor.

Finally, the failure of the trustee to object to the debtor's claim of exemption to these funds does not negate the statutory trust fund theory which has been created.

The debtor argues that the funds came from her exempt homestead and, consequently, are exempt from execution by the prevailing plaintiffs. Debtor presents to the Court a novel tracing theory, which argues in essence as follows: Mortgage your home and from the proceeds of that mortgage purchase a boat, a business, a cottage, or place those funds in some other investment. Because the purchases or deposits were made with homestead funds, subsequent execution against those items cannot be allowed.

This is indeed a novel and creative theory, but has no support in the law as far as this case is concerned.

Simply stated, once made with the Department of Transportation, the deposit is no longer an asset of the debtor's estate. When judgment is entered against the depositor, payment is required. Debtor's claim that the entry of judgment was inappropriate must, of course, be first addressed to either the Circuit Court for Lincoln County or the Bankruptcy Court in the event there was, indeed, a stay which should have been enforced. Appropriate objection to the entry of judgment was not made below.

Accordingly,

## ORDER

IT IS ORDERED that the decision and order of the Bankruptcy Court is AFFIRMED.