In re SLUGGO'S CHICAGO STYLE, INC., Debtor.

CALIFORNIA STATE BOARD OF EQUALIZATION, Appellant,

v.

Harold S. TAXEL, Trustee, Appellee.

No. 89–55040.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 29, 1989.

Decided Aug. 27, 1990.

Herbert A. Levin, Deputy Atty. Gen., Los Angeles, Cal., for appellant.

James P. Hill, Stephen K. Haynes, Hill & Baskin, San Diego, Cal., for appellee.

Before ALARCON and NELSON, Circuit Judges, and PAUL G. ROSENBLATT,\* District Judge.

ROSENBLATT, District Judge:

### Facts

The facts are undisputed. Pursuant to Cal.Rev. & Tax.Code § 6701, the California State Board of Equalization ("Board") required security, as a condition of doing business, from Sluggo's Chicago Style, Inc. ("debtor") for payment of California sales and use taxes.

In April of 1984, the debtor complied by providing this security in the form of a $9,100.00 certificate of deposit ("certificate") payable to the Board. In November of 1984, the debtor filed a petition for reorganization pursuant to Chapter 11 of the Bankruptcy Code. At the time, the debtor owed the Board $5,334.10. Sluggo's ceased doing business on February 28, 1986, at which time the debtor owed the Board in excess of the amount of the certificate. On August 1, 1986, the Board presented the certificate for payment. Some nineteen days later, the Chapter 11 proceeding was converted to Chapter 7.

The trustee brought the underlying action to recover the funds. On stipulated facts, the bankruptcy court granted the trustee's Motion for Summary Judgment and denied the Board's Cross–Motion for Summary Judgment.

The Board appealed to the Bankruptcy Appellate Panel ("BAP"). The BAP entered judgment affirming the bankruptcy court holding that the Board violated the automatic stay of 11 U.S.C. § 362 by cashing the certificate and that the bankruptcy estate encompassed the funds deposited which should be distributed as provided by 11 U.S.C. § 724(b). 94 B.R. 625.

This appeal follows.[1]

### Standard of Review

De novo review is appropriate in this case because the facts are undisputed and issues of credibility are not before the court. *In re Brown*, 743 F.2d 664, 666 (9th Cir.1984). This court must determine only whether the Bankruptcy Appellate Panel's decision is correct as a matter of law.

### Analysis

The board is authorized by statute to collect a security deposit from businesses in order to insure compliance with statutory tax obligations. Cal.Rev. & Tax.Code § 6701. The Board argues that the monies collected in this fashion become property of the Board held in trust. Appellant relies in this regard on *Selby v. Ford Motor Co.*, 590 F.2d 642 (6th Cir.1978), and other cases holding that monies held pursuant to a legislative enactment for the benefit of others constitute a trust and are immune from the claims of general creditors. *Selby*, 590 F.2d at 645 (Michigan Builders Trust Fund Act creates security device in form of trust fund for benefit of owner and subcontractors and should not be regarded as property of debtor so long as beneficial interests are traceable); *see also In re Rohar Associates, Inc.*, 375 F.Supp. 637 (S.D.N.Y.1974)

---

\* Honorable Paul G. Rosenblatt, United States District Judge for the District of Arizona, sitting by designation.

1. On *November 27, 1989*, the Court ordered supplemental briefs to consider the effect on this case, if any, of *Hoffman v. Connecticut Department of Income Maintenance*, —— U.S. ——, 109 S.Ct. 2818, 106 L.Ed.2d 76 (1989), wherein the Supreme Court held that in enacting 11 U.S.C. Sec. 106(c), Congress did not abrogate the Eleventh Amendment immunity of the States. After reviewing the briefs, the court concludes that *Hoffman* is not applicable to the facts of this case.

(funds held in account denominated tax account were held in trust by bankrupt for taxing authorities); *In re Lenk*, 48 B.R. 867 (W.D.Wis.1985) (fund that debtor and spouse were statutorily required to deposit with the state as security against payment of possible judgment was trust fund held by the state for benefit of injured plaintiffs).

*United States v. Randall*, 401 U.S. 513, 91 S.Ct. 991, 28 L.Ed.2d 273 (1971), however, supports a contrary position. In that case, the Supreme Court held that the United States was not entitled to first priority over withheld taxes which the debtor failed to deposit in a special tax account as directed by the bankruptcy court under a plan of reorganization. As in the instant case, the government argued that the withheld tax constituted a trust in its favor. The *Randall* Court, however, found otherwise noting that "the statutory policy of subordinating taxes to costs and expenses of administration would not be served by creating or enforcing trusts which eat up an estate, leaving little or nothing for creditors and court officers whose goods and services created the assets." *Id.* 91 S.Ct. at 994.

Following the reasoning of *Randall*, this court held in *In re Shakesteers Coffee Shops*, 546 F.2d 821, 824 (9th Cir.), *cert. denied*, 431 U.S. 974, 97 S.Ct. 2939, 53 L.Ed.2d 1071 (1977), that trust fund recognition may adversely affect sound administration in bankruptcy. Earlier, in *In re Tamasha and Country Club*, 483 F.2d 1377 (9th Cir.1973), we refused to recognize a trust implied in law for the benefit of taxing authorities, finding that taxes accruing after the institution of Chapter 11 proceedings were administrative expenses. In so holding we expressly rejected the government's attempt to distinguish *Randall*.

In a slightly different vein, appellant argues additionally that we should defer to the State of California's intention to create a trust in these circumstances as expressed

in a letter submitted to the Board in 1939 by Earl Warren, who was then state attorney general. This letter states that

[t]he Board does not become a debtor of the taxpayer in the ordinary sense; rather, the Board merely has the obligation of returning to the taxpayer that which already belongs to him and which the Board holds in trust for him.

While we consider significant the statutory construction given by officials charged with the statute's administration, *Mission Pak Co. v. State Bd. of Equalization*, 23 Cal.App.3d 120, 100 Cal.Rptr. 69, 71 (1972), we do not agree that the Attorney General's letter indicates an intention to create a trust; it appears instead to define the Board's role as that of a custodian of the funds deposited, a reading consistent with the case law of this circuit. *See e.g., Kennedy v. Powell*, 366 F.2d 346 (9th Cir.1966) (Arizona State Treasurer is "mere custodian" and not owner of cash deposit made by contractor as condition precedent to granting of contractor's license).

Were there evidence before this court indicating that the Board's construction of the letter had been previously recognized and applied, appellant's position would be greatly strengthened. *See California Motor Express v. State Bd. of Equalization*, 133 Cal.App.2d 237, 283 P.2d 1063 (1955). The Board has failed, however, to produce any such evidence.

Rather than a statutory trust, appellee characterizes the monies collected by the Board as a security interest created by pledge. While the certificate at issue could be classified in this and a number of other ways,[2] we need not properly label it. In light of the broad interpretation of the term "property" for the purposes of the Bankruptcy Act, *see Segal v. Rochelle*, 382 U.S. 375, 86 S.Ct. 511, 515, 15 L.Ed.2d 428 (1986), we find that property seized by a creditor prior to the filing of a petition for reorganization pursuant to chapter 11 belongs to the bankruptcy estate. *See Unit-*

**2.** For example, the appellant's interest could just as well be labeled a future contingent interest in that the Board was not entitled to actual pay-

ment until the debtor ceased doing business and then only if the debtor owed taxes. Cal.Rev. & Tax.Code § 6815.

*ed States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983).

### Conclusion

For the foregoing reasons, we agree with the Bankruptcy Appellate Panel that the statutory scheme at issue in this case does not suggest that the creation of a trust was contemplated. Accordingly, the Board had no right to cash appellee's certificate of deposit which was properly part of the bankruptcy estate.

AFFIRMED.